**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Rosa REYES–MEZA DE POLANCO, Defendant-Appellant.**

**No. 23239.**

United States Court of Appeals, Ninth Circuit.

Jan. 26, 1970.

Rehearing Denied Feb. 26, 1970.

Certiorari Denied May 4, 1970. See 90 S.Ct. 1536.

Steven M. Kipperman (argued), San Francisco, Cal., for appellant.

Ray Zvetina (argued), Asst. U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL, KOELSCH, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant raises two points upon her appeal from her conviction for violating 21 U.S.C. § 176a (smuggling marihuana): (1) The record does not adequately demonstrate that appellant's waiver of her right to jury trial was freely and voluntarily made, and (2) Section 176a is unconstitutional as applied to appellant, because had she complied with the federal statutes that would have made her importation legal (the disclosure and registration statutes, 19 U.S.C. §§ 1459, 1461, 1481(a) (3), 26 U.S.C. §§ 4751–4755), she would have potentially incriminated herself under state laws penalizing possession of marihuana.

Appellant and her trial counsel each signed a written form waiving trial by jury, but the District Court did not interrogate her personally about that waiver. She claims, on analogy to Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, that in absence of such colloquy the record inadequately reflects a waiver as that term is defined in Johnson v. Zerbst (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. We disagree. (Pool v. United States (9th Cir. 1965) 344 F.2d 943, cert. denied (1965) 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76. Accord: Hatcher v. United States (1965) 122 U.S.App.D.C. 148, 352 F.2d 364, cert. denied (1966), 382 U.S. 1030, 86 S.Ct. 654, 15 L.Ed. 2d 542; Gauthier v. Burke (7th Cir. 1968) 402 F.2d 459.) The fact alone that an interpreter was appointed to assist her during the trial does not reduce the written waivers to silence. If, contrary to the recitations in the waivers signed by her and her counsel, she were not fully informed of her right to trial by jury in terms she could understand and if she did not knowingly and intelligently yield that right, those facts can be developed upon proceedings pursuant to 28 U.S.C. § 2255.

We have answered her second contention adversely to her in Witt v. United States (9th Cir. 1969) 413 F.2d 303.

**1306**

Court appointed counsel representing appellant on appeal deserves special commendation for the excellence of his presentation of the issues in this case both on brief and in oral argument.

The judgment is affirmed.