**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Gene GOODWIN, Defendant-
Appellant.**

**No. 26251.**

United States Court of Appeals,
Ninth Circuit.

July 13, 1971.

ly waive a jury trial, that he had inadequate counsel, and that the government's witnesses refused to be interviewed by him.

As to the first two contentions, the record on direct appeal provides no basis for ruling on his conclusionary allegations. Appellant and his appointed counsel signed a jury waiver which is valid on its face and there is nothing in the record to indicate that his representation by appointed counsel was so gross on its face as to amount to a denial of due process. If there are facts outside the record which would support appellant's allegations, they must be presented in an application under 28 U.S.C. § 2255. United States v. Reyes-Meza DePolanco, 422 F.2d 1304, 1305 (9th Cir. 1970); United States v. Sullivan, 435 F.2d 650, 651 (9th Cir. 1970); United States v. Johnson, 434 F.2d 827, 831 (9th Cir. 1970); United States v. Porter, 431 F.2d 7, 10–11 (9th Cir. 1970).

The record clearly belies appellant's remaining contention. At his first trial, which resulted in a hung jury, appellant had every opportunity to examine the witnesses against him.

Affirmed.

John J. McCabe, Jr., San Diego, Cal., for defendant-appellant.

Harry Stewart, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant stands convicted of assaulting a federal officer. 18 U.S.C. § 111. On appeal he contends for the first time that he did not knowingly and voluntari-