**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**David COCHRAN, Defendant-Appellant.**

**No. 84–1365.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 1985 *.

Decided Sept. 6, 1985.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Donald B. Ayer, U.S. Atty., David F. Levi, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Jeffrey J. Gale, Law offices of Jon D. Smock, Sacramento, Cal., for defendant-appellant.

Before SKOPIL, REINHARDT and HALL, Circuit Judges.

REINHARDT, Circuit Judge:

Cochran appeals his conviction for extortion under 18 U.S.C. § 1951. He argues that the district court's failure to conduct an adequate colloquy with him before accepting his written waiver of a jury trial constitutes reversible error. We disagree.

## I. FACTS

In open court, before Cochran signed a waiver of jury trial, his lawyer told the court that he and Cochran had "discussed the pros and cons of various methods to proceed." He said that they had decided that Cochran would waive his right to a jury trial and have a court trial instead. The following exchange then took place:

THE COURT: Okay. This is agreeable with you, Mr. Cochran—

COCHRAN: Yes, sir.

THE COURT: —that the matter be tried by me without a jury, and that you will be waiving and are waiving your right to a jury trial in this case?

COCHRAN: Yes, Your Honor.

The defendant then executed a written waiver in the presence of the court as required by Fed.R.Crim.P. 23(a). The government did not object to the waiver which the court then accepted. Cochran was convicted at a bench trial.

## II. DISCUSSION

A criminal defendant's right to a jury trial is fundamental. *Duncan v. Louisana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed. 491 (1968). However, a defendant may waive this right if four requirements are satisfied: (1) the waiver is in writing, Fed.R.Crim.P. 23(a); (2) the government consents, *id.*; (3) the trial court accepts the waiver, *id.*; and (4) the waiver is made voluntarily, knowingly and intelligently. *See Patton v. United States,* 281 U.S. 276, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930). Compliance with the requirements of Fed.R.Crim.P. 23(a) creates a presumption that the waiver is a voluntary, knowing and intelligent one. *See United States v. Goodwin,* 446 F.2d 894, 895 (9th Cir.1971) (per curiam); *United States v. Reyes-Meza de Polanco,* 422 F.2d 1304, 1305 (9th Cir.) (per curiam), *cert. denied,* 397 U.S. 1081, 90 S.Ct. 1536, 25 L.Ed.2d 817 (1970).

Cochran contends that rather than relying on the presumption created by a written waiver, trial courts should personally interrogate criminal defendants in a manner that allows the judge to determine clearly whether the voluntary, knowing and intelligent requirement is satisfied. However, the failure of a district judge to conduct such an interrogation does not violate either the Constitution, *see, e.g., United States v. Martin,* 704 F.2d 267, 274 (6th Cir.1983), or Fed.R.Crim.P. 23(a); nor does it *ipso facto* require reversal. *See Goodwin,* 446 F.2d at 895; *Reyes-Meza de Polanco,* 422 F.2d at 1305. There are no additional facts in the record bearing upon the question whether the waiver was voluntary, knowing and intelligent.[1] Therefore, Cochran's conviction must be affirmed.

1. When we affirm in failure-to-interrogate cases, we ordinarily do no more than hold that the

■ Notwithstanding the result we reach in this case, we strongly believe, along with a number of other circuits, that trial courts *should* conduct colloquies with the defendant before accepting a waiver of the right to jury trial. *See Martin*, 704 F.2d at 274; *United States v. Anderson*, 704 F.2d 117, 119 (3d Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 129, 78 L.Ed.2d 125 (1983); *United States v. Scott*, 583 F.2d 362, 363–64 (7th Cir.1978); *United States v. David*, 511 F.2d 355, 361 (D.C.Cir.1975); *United States v. Hunt*, 413 F.2d 983, 984 (4th Cir.1969). Because a waiver is an "intentional relinquishment or abandonment of a known right," *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), a trial court should make sure that a defendant knows what the right guarantees before waiving it. In *United States v. Reyes*, 603 F.2d 69, 71 (9th Cir. 1979), we held that absent a written waiver, an oral stipulation to a trial by fewer than twelve jurors pursuant to Fed.R. Crim.P. 23(b), must be accompanied by a substantial colloquy on the record to insure a voluntary, knowing and intelligent waiver. In so holding, we cited *David* and *Hunt* with approval. *Id.*

Judge Kennedy, writing for the court in *Reyes*, explained the importance of conducting a colloquy with the defendant before accepting a jury trial waiver:

> [C]ourts discussing the validity of a defendant's waiver of a jury trial under Fed.R.Crim.P. 23(a) have emphasized the importance of detailed questioning of the defendant in open court at the time of the waiver. *See, e.g., United States v. David*, 167 U.S.App.D.C. 117, 122–123, 511 F.2d 355, 360–62 (1975) Indeed, even when a defendant has signed a written stipulation waiving his right to a jury trial, courts have recognized that "it is better practice for a district judge when advised by a defendant that he desires to

> waive his right to a jury trial, to interrogate the defendant so as to satisfy himself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them. Such an interrogation would provide the district judge with an additional factual basis on which to grant or withhold his approval of the waiver." *United States v. Hunt*, 413 F.2d 983, 984 (4th Cir.1969).

*United States v. Reyes*, 603 F.2d 69, 71 (9th Cir.1979).

Conducting an adequate colloquy serves three purposes: (1) it more effectively insures voluntary, knowing and intelligent waivers, *see Martin*, 704 F.2d at 274; (2) it promotes judicial economy by avoiding challenges to the validity of waivers on appeal (as in this case) or in habeas proceedings, *id.*; and (3) it emphasizes to the defendant the seriousness of the decision, *Anderson*, 704 F.2d at 119; *cf. Reyes*, 603 F.2d at 71. Furthermore, retrospective inquiries to determine the validity of waivers are likely to be futile. *See United States v. Saadya*, 750 F.2d 1419, 1422 n. 3 (9th Cir.1985) (citing *United States v. Kimmel*, 672 F.2d 720, 732 (9th Cir.1982)); *David*, 511 F.2d at 362–63. There is, thus, every reason for district courts to conduct a colloquy before accepting a waiver of the right to trial by jury and no apparent reason for not doing so.

Recently, the Sixth Circuit said

> We implore the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a proffered waiver.

It then added

> Today, we decline to join several courts which have adopted mandatory supervisory rules requiring trial courts to personally interrogate defendants prior to accepting a jury trial waiver. (Citations

---

unsupplemented record does not disclose a basis for reversal. We have previously said that facts outside the record may be introduced to show that the waiver was not made voluntarily, knowingly, or intelligently but that the proper vehicle for doing so is a habeas corpus proceed-

ing. If Cochran wishes to pursue his claim that the waiver was not made voluntarily, knowingly, or intelligently by introducing facts outside the record he must do so in a habeas corpus proceeding, not a direct appeal. *See Goodwin, supra,* and *Reyes-Meza de Polanco, supra.*

omitted.) We are confident that such a rule will be unnecessary since district courts will take a few moments and inform defendants of their jury trial right *on the record.*

*Martin,* 704 F.2d at 274–75.

Like the Sixth Circuit, we expect that adoption of a supervisory rule will be unnecessary and that district court will in the future follow the course we are once again urging.[2] Like the Sixth Circuit, we "implore" district courts to inform defendants that (1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. *See Martin,* 704 F.2d at 274–75; *United States v. Delgado,* 635 F.2d 889, 890 (7th Cir.1981). When district courts provide this information on the record, they help insure that defendants understand the basic mechanics of a jury trial before deciding whether to waive that right. By asking appropriate questions the district court will also be better able to perform its task of determining whether a proposed waiver is in fact being offered voluntarily, knowingly and intelligently. Finally, the record on appeal will be far more informative and helpful, and the need for habeas corpus proceedings will be substantially reduced.

We hold that while it is regrettable that the district court failed to conduct a colloquy with Cochran and thus to establish on the record whether his waiver of a jury trial was voluntary, knowing and intelligent, that omission does not *ipso facto* constitute reversible error.

AFFIRMED.

---

**2.** Several years ago the Seventh Circuit found it necessary to adopt such a rule in *United States* *v. Scott,* 583 F.2d 362 (7th Cir.1978). It made its operation prospective.