70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terrance Rene DAVID, Petitioner-Appellant,
v.
Ivalee HENRY; Office of the Attorney General, State of
California; Daniel E. Lungren, Attorney General,
Respondents-Appellee.
 No. 95-55369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Terrance Rene David appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Following a bench trial, David was convicted of two counts of second degree murder and sentenced to two concurrent terms of fifteen years to life. David contends that he was denied effective assistance of trial counsel and that he did not voluntarily and intelligently waive his right to a jury trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 David contends that his attorney was ineffective because he failed to investigate David's principle defense that someone gave him a cigarette laced with a controlled substance, and after smoking it, he did not remember anything. Specifically, David contends that counsel was ineffective because he did not attempt to locate the individual who "slipped [David] the poisoned cigarette." This contention lacks merit.
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 We need not consider counsel's performance because David failed to show prejudice. See Strickland, 466 U.S. at 697. David has not met the prejudice prong of the Strickland test because he has failed to show how an investigation would have revealed evidence beneficial to his defense. See Hendricks v. Calderon, 64 F.3d 1340, 1349 (9th Cir.1995). David failed to state what information he provided counsel or how the individual who "slipped him a poisoned cigarette" could be located. According to David's trial testimony, he did not even know the man's name. Thus, David's claimed error amounts to mere speculation, and falls short of establishing prejudice. See Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir.1981) (per curiam) (mere speculation insufficient to establish prejudice), cert. denied, 455 U.S. 1026 (1982). Accordingly, the district court properly denied David's claim of ineffective assistance of counsel without an evidentiary hearing. See Campbell v. Blodgett, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing not required on allegations that are wholly conclusory or that can be resolved by reference to state court record), cert. denied, 114 S.Ct. 2125 (1994); see also Fretwell, 113 S.Ct. at 843; Strickland, 466 U.S. at 694.
 
 B. Jury Trial Waiver
 
 6
 David contends that he did not personally and unequivocally waive his right to a jury trial. This contention lacks merit.
 
 
 7
 A waiver of defendant's right to a jury trial must be "made voluntarily, knowingly and intelligent." United States v. Cochran, 770 F.2d 850, 851 (9th Cir.1985). David argues that his waiver was unconstitutional because the court did not engage him in a personal and extended colloquy. We have rejected that argument and held that "the failure of the district judge to conduct such an interrogation does not violate either the Constitution, ... nor does it ipso facto require reversal." Id. (citation omitted); see also Adams v. Peterson, 968 F.2d 835, 837, 839 n. 1, 843 (9th Cir.1992) (en banc) (waiver of jury trial and consent to trial by stipulated facts both valid based on colloquies as limited as David's), cert. denied, 113 S.Ct. 1818 (1993). This is equally true in state court proceedings. Accordingly, the district court properly denied David's claim without an evidentiary hearing. See Campbell, 18 F.3d at 679, cert. denied, 114 S.Ct. 2125 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3