81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny AZZO, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Tarek HALABI, Defendant-Appellant.
 Nos. 94-50306, 94-50495.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided March 28, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and ILLSTON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I. BACKGROUND
 
 3
 Appellant Johnny Azzo was indicted by a grand jury, on May 14, 1992, on three counts: 1) conspiracy to possess with intent to distribute and to distribute cocaine (21 U.S.C. §§ 846, 841(a)); 2) aiding and abetting the possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2); and 3) aiding and abetting the distribution of cocaine (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2). On November 30, 1992, appellant Tarek Halabi was arraigned on and entered a plea of not guilty to the same charges.
 
 
 4
 Both Azzo and Halabi waived their right to a jury trial and both were convicted after a bench trial before the district court. Azzo raises three issues on appeal: (1) was his waiver of his right to a jury trial valid; (2) was the evidence sufficient to support his conviction; and (3) was his sentence proper. Halabi appeals only the sufficiency of the evidence supporting his conviction.
 
 II. DISCUSSION
 A. Waiver of Jury Trial
 1. Legal Standard
 
 5
 Waiver of the right to a jury trial is reviewed de novo. United States v. Christensen, 18 F.3d 822, 824 (9th Cir.1994). The defendant must be competent to waive his rights and the waiver must be voluntary, knowing, and intelligent. Id., citing Patton v. United States, 281 U.S. 276, 312-13, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930).
 
 2. Analysis
 
 6
 Azzo argues that there are facts on the face of the record sufficient to overcome his presumptively waiver of a jury trial. He also argues that this Court should review "factors outside the record" to determine if his waiver was truly voluntary, knowing and intelligent and that this Court should expand the requirements for waiver-of-jury-trial colloquies.
 
 
 7
 In United States v. Cochran, 770 F.2d 850 (9th Cir.1985), the Ninth Circuit held that a waiver of the right to a jury trial is presumptively valid if: 1) the waiver is in writing; 2) the government consents; and 3) the trial court accepts the waiver. Id. at 851, citing Fed.R.Crim.P. 23(a). Azzo concedes that all three of these conditions were met in the present case. Based on this record, we conclude that the waiver was valid. Unlike in Christensen, in which the suspected presence of mental or emotional instability "eliminate[d] any presumption that [the] written waiver [was] voluntary, knowing or intelligent," Christensen, 18 F.3d at 826, Azzo points to no evidence from which the district court could have suspected that the written waiver was not voluntary, knowing and intelligent. However, Azzo may still contest the validity of his waiver based on "facts outside the record." Cochran, 770 F.2d at 852 n. 1. Such an attack, however, must occur in a habeas corpus proceeding and not on direct appeal. Id.; United States v. Goodwin, 446 F.2d 894, 895 (9th Cir.1971) (per curiam). Finally, Azzo's argument that the requirements for waiver colloquies should be expanded is not persuasive and the Court declines to expand the existing waiver requirements.
 
 B. Sufficiency of the Evidence
 1. Legal Standard
 
 8
 Evidence in a criminal trial is sufficient if any rational trier of fact, viewing it in the light most favorable to the government, could have found every element of the offenses beyond a reasonable doubt. United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993). The credibility of the testimony presented at trial is not a matter for appellate review. United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977); Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720 (1930).
 
 2. Analysis
 
 9
 a. Azzo
 
 
 10
 Azzo argues that the evidence was insufficient to prove beyond a reasonable doubt that he knowingly participated in the conspiracy. See Bautista-Avila, 6 F.3d at 1362 (knowledge required for drug conspiracies). Azzo's argument focuses on the evidence introduced by the government that he saw and/or received the "buy money" and that the package in his possession contained cocaine. Azzo argues that the government's evidence was insufficient to show that he knew he was receiving money and that he knew he was delivering cocaine. He notes that some of the evidence introduced at the trial was not incriminatory toward him.
 
 
 11
 Azzo's argument misses the point for two reasons. First, there is testimony that, if believed, is sufficient to support the conviction. Prosecution witness Robert Franchi testified that Azzo was present when Franchi showed the money to Tarek Halabi and to Charlie Tana at a restaurant. Franchi testified that Halabi was going to give the money to Azzo. Franchi testified that Azzo left the restaurant and later returned, showed him cocaine, and returned $4,500 to him because the amount purchased was less than expected. Franchi also testified that Azzo asked about receiving additional money for his work. Based on the record before this Court, the evidence was sufficient.[1] See, Bautista-Avila, 6 F.3d at 1362, quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 500 (1979).
 
 
 12
 Second, the government's evidence need not exclude all reasonable exculpatory theories. Thus, the fact that some evidence did not necessarily point toward guilt does not require a reversal. As this Court has noted in the past, "the government's evidence need not exclude every reasonable hypothesis consistent with innocence." United States v. Miller, 688 F.2d 652, 663 (9th Cir.1982).
 
 
 13
 b. Halabi
 
 
 14
 Halabi attacks only the sufficiency of the evidence offered to prove that a "conspiratorial agreement" existed, a required element of the offense. See, e.g., United States v. Martin, 4 F.3d 757, 759 (9th Cir.1993). Halabi argues that the evidence only shows that he associated with members of the drug conspiracy and that the government failed to prove a single overarching conspiracy. Halabi admits that a drug conspiracy existed and he acknowledges that, once a conspiracy is shown, the evidence required to prove membership in that conspiracy need only be "slight." Bautista-Avila, 6 F.3d at 1362. Halabi correctly asserts, however, that "mere casual association with conspiring people is not enough" to sustain a conspiracy conviction. Id.
 
 
 15
 In the present case, there is direct testimony that Halabi planned and executed the drug transaction. Franchi testified that he and Halabi discussed drug trafficking and that Halabi indicated that he could obtain a kilogram of cocaine. Franchi testified that he and Halabi discussed the price for the cocaine and that Halabi looked at the buy money. Franchi's testimony also shows that Halabi actually took the buy money and then gave it to Azzo. Franchi further testified that Halabi gave him a sample of higher quality cocaine as an example of the drugs he could produce for future transactions. Thus, the evidence shows that Halabi's activities went far beyond "mere casual association" with the conspirators. The evidence presented at trial was far greater than the "slight" evidence required to prove that Halabi was a member of the conspiracy. Hence, the evidence was sufficient. See Id.
 
 
 16
 Furthermore, as to Halabi's contention that there were separate conspiracies, the government's evidence does not have to exclude all possible inferences that distinct conspiracies could have existed. Rather, the evidence must be sufficient for a rational trier of fact to find that a single conspiracy did exist. United States v. Bibbero, 749 F.2d 581, 586-87 (9th Cir.1984), cert. denied, 471 U.S. 1103, 105 S.Ct. 2330, 85 L.Ed.2d 847 (1985). The government does not have to prove that all members of the conspiracy knew all the details or participated in all phases of a conspiracy. United States v. Vaughn, 797 F.2d 1485, 1492 (9th Cir.1986); United States v. Dicesare, 765 F.2d 890, 900, amended by, 777 F.2d 543 (9th Cir.1985). Moreover, a single conspiracy can be proven even if there are time lapses in the criminal activity of the conspiracy. United States v. Little, 753 F.2d 1420, 1448 (9th Cir.1984).
 
 
 17
 Franchi testified that he discussed drug transactions with Halabi several times in February 1989 and that, during these conversations, Halabi offered to obtain cocaine. Franchi testified that, on March 3, 1989, Halabi actually arranged to obtain a kilogram of cocaine for Franchi and, later that day, cocaine was delivered to Franchi. Franchi also testified that many conversations and meetings took place in order to set up the deal that occurred on March 3. This testimony constitutes sufficient evidence to find that Halabi participated in a single drug conspiracy. Id.
 
 
 18
 Finally, Halabi contests the sufficiency of the evidence as to the aiding and abetting convictions. He offers no factual or legal argument on this point. The evidence offered at trial shows that Halabi made an offer to sell cocaine to Franchi, that he inspected the buy money, that he scheduled the actual transaction to occur, and that he took the buy money from Franchi and gave it to Azzo, who took the money and returned with cocaine. This evidence is clearly sufficient to support the convictions on the aiding and abetting counts. See United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991).
 
 C. Sentencing
 1. Legal Standard
 
 19
 Azzo contends that his sentence constitutes cruel and unusual punishment. Whether a sentence amounts to cruel and unusual punishment is reviewed de novo. United States v. Bland, 961 F.2d 123, 128 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992).
 
 2. Analysis
 
 20
 Azzo received a sentence of sixty months, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). He was also subject to the United States Sentencing Guidelines. His guideline sentencing level was 24 and his criminal history category was I. Thus, his sentencing range was sixty to sixty-three months.
 
 
 21
 Azzo argues that the trial court has an obligation to evaluate the sentence based on the crime and on the culpability and character of the defendant. If the punishment is disproportionate to the crime, the trial court has the power and the duty to adjust it under the Eighth Amendment. Azzo urges that the trial court erred in not adjusting the sentence.
 
 
 22
 Azzo also appears to argue that the trial court should have departed downward because Azzo's criminal activity was "aberrant behavior." Finally, Azzo argues that, had he been sentenced a few months later, new guidelines would have been in effect that would have allowed the trial court to sentence him to less than the sixty month mandatory minimum.
 
 
 23
 None of these arguments is persuasive. First, statutes imposing harsher mandatory minimum sentences have withstood challenge under the Eighth Amendment. See Harmelin v. Michigan, 501 U.S. 957, 995, 111 S.Ct. 2680, 2701, 115 L.Ed.2d 836 (1991) (mandatory life sentence without possibility of parole for possession of 6712 grams of cocaine); see also United States v. Hoyt, 879 F.2d 505, 512-14, modified, 880 F.2d 1257 (9th Cir.1989). Moreover, in United States v. Klein, 860 F.2d 1489, 1496 (9th Cir.1988), this Court upheld a five year mandatory minimum sentence imposed under the very statute at issue here.
 
 
 24
 Second, there is no legal support for Azzo's contention that the trial court could have departed downward from the mandatory minimum, other than on the grounds that the sentence was cruel and unusual. See Klein, 860 F.2d at 1500. Third, there is no legal support for Azzo's position that the new sentencing guidelines should be retroactively applied in his case. In sum, there is no error in Azzo's sentence.
 
 
 25
 Azzo's conviction and sentence are AFFIRMED.
 
 
 26
 Halabi's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument Fed.R.App.P. 34(a) 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Azzo also contends that Bautista-Avila, supra, and United States v. Vasquez-Chan, 978 F.2d 546 (9th Cir.1992) compel a reversal. These cases are inapposite because they held that, even accepting all the evidence present as true, it was still insufficient to support convictions. In this case, the only potential infirmity with the evidence is credibility--not sufficiency--and credibility of the evidence is not a matter for appellate review