106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dino S. DONAHUE, Petitioner-Appellant,
v.
Janet BARBOUR, Respondent-Appellee.
 No. 96-35666.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dino S. Donahue, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for delivery of controlled substances. Donahue challenges his state convictions on the grounds that they were obtained in violation of his Sixth Amendment right to a jury trial. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Donahue contends that his state convictions are invalid because his oral waiver to a jury trial was not knowing and voluntary. This contention lacks merit.
 
 
 4
 A criminal defendant has a fundamental right to a trial by a jury. See United States v. Cochran, 770 F.2d 850, 851 (9th Cir.1985). A defendant may, however, waive this right as long as the waiver is a voluntary, knowing, and intelligent one. Id. The determination as to whether there has been an appropriate waiver depends in each case on the particular facts and surrounding circumstances. Johnson v. Zerbst, 304 U.S. 458 (1938). Although written waivers are preferred under both Washington state and federal criminal law, see CrR 6.1(a) and Fed.R.Crim.P. 23(a), a knowing and intelligent waiver may be established when a defendant personally consents in open court to a waiver. See United States v. Saadya, 750 F.2d 1419, 1420 (9th Cir.1985); United States v. Reyes, 603 F.2d 69, 71 (1979).
 
 
 5
 The state court record supports the district court's conclusion that Donahue voluntarily and knowingly waived his right to a jury trial. In open court, Donahue repeatedly stated that he was affirmatively waiving his right to a jury trial. In addition, he confirmed that his decision to waive a jury trial was made only after conferring with his attorney. See United States v. McCurdy, 450 F.2d 282, 283 (9th Cir.1971) (per curiam). Other than the court's failure to conduct a more detailed colloquy, Donahue offers nothing to indicate that his waiver was involuntary. While we have expressed a preference for a more extensive colloquy than that which was conducted here, see Cochran, 770 F.2d at 852-53, we have also pointed out that the failure of the trial judge to conduct such an interrogation does not violate the Constitution. See Id. at 851; see also United States v. Shin, 953 F.2d 559, 561 (9th Cir.1992). Accordingly, Donahue was failed to show that his jury trial waiver was constitutionally inadequate. See Cochran, 770 F.2d at 851; Adams v. Peterson, 968 F.2d 835, 843-44 (9th Cir.1992). The district court's order denying Donahue habeas relief is therefore
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3