**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leroy Roosevelt MACK, Defendant–
Appellant.**

No. 05–10548.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 26, 2006.

---

Robert L. Ellman, Esq., Karyn Kenny, Esq., USLV–Office of the U.S. Attorney, Lloyd George Federal Bldg., Peter S. Levitt, Esq., Las Vegas, NV, for Plaintiff–Appellee.

Daniel J. Albregts, Esq., Diane L. Dragan, Esq., Daniel J. Albregts, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE and THOMAS, Circuit Judges, and EZRA *, District Judge.

## MEMORANDUM **

Leroy Mack ("Mack") appeals his conviction and sentence for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). We affirm.

Mack argues that the district court erred by failing to obtain a written waiver of his right to a jury trial and by not adequately canvassing him to determine whether his waiver was knowing, intelligent, and voluntary.

"The adequacy of a jury waiver is a mixed question of fact and law which this court reviews de novo." *United States v.*

Duarte–Higareda, 113 F.3d 1000, 1002 (9th Cir.1997) (citing *United States v. Christensen*, 18 F.3d 822, 824 (9th Cir. 1994)). The right to a jury trial may only be waived if: (1) the waiver of the right is in writing; (2) the government consents; (3) the court accepts the waiver; and (4) the waiver is made voluntarily, knowingly, and intelligently. *Duarte–Higareda*, 113 F.3d at 1002 (citing Fed. R. Crim P. 23(a)). Failure to obtain written waiver of the right to a jury trial does not constitute reversible error, however, where the record reflects an express, knowing, and intelligent oral waiver of the right. *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985) (the only exception to the writing requirement is where the record clearly reflects that the defendant intelligently and knowingly gave express consent in open court); *see also United States v. Cochran*, 770 F.2d 850, 852 (9th Cir.1985) ("absent a written waiver, an oral stipulation to a trial by fewer than twelve jurors pursuant to Fed.R.Crim.P. 23(b), must be accompanied by a substantial colloquy on the record to insure a voluntary, knowing and intelligent waiver.") (citing *United States v. Reyes*, 603 F.2d 69, 71 (9th Cir. 1979)).

To determine whether the waiver of the right to a jury trial is made voluntarily, knowingly, and intelligently, the district court "should question the defendant to ascertain whether the defendant understands the benefits and burdens of a jury trial and freely chooses to waive a jury." *Duarte–Higareda*, 113 F.3d at 1002; *see Cochran*, 770 F.2d at 852. District courts should "inform defendants that (1) twelve members of the community compose a jury; (2) the defendant may take part in

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." *Cochran,* 770 F.2d at 853. This extensive colloquy, however, is not an absolute requirement in every case. *Duarte–Higareda,* 113 F.3d at 1003.

█ Here, the district court informed Mack of his right to a jury trial and made it clear that if Mack waived his right, the judge would be the sole decision-maker. Mack said he understood that the power of the citizen would be in the hands of the judge. In addition, Mack previously had a jury trial on the same charges. Thus, Mack had specific and personal knowledge that the jury would be composed of twelve members, who had to make a unanimous decision, and that he could be involved in jury selection. Finally, Mack had consulted with his standby counsel and his standby counsel admitted that Mack's waiver of his right to a jury trial was consistent with counsel's advice. Accordingly, although Federal Rule of Criminal Procedure 23(a) requires Mack's waiver of his right to a trial by jury in writing, the district court's canvas of Mack was adequate to determine that Mack made a voluntary, knowing and intelligent waiver.

Mack also asserts that the district court erred by applying the Sentencing Guidelines for distribution of cocaine base, which has enhanced penalties, rather than the guidelines for cocaine powder, because there was no expert testimony that the drugs were smokeable or that they were crack cocaine.

The application of the Sentencing Guidelines to the facts of the case is reviewed for abuse of discretion, and the district court's factual findings are reviewed for clear error. *United States v. Smith,* 424 F.3d 992, 1015 (9th Cir.2005). A district court's finding of fact for sentencing purposes must be supported by a preponderance of the evidence. *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006).

█ In *United States v. Shaw,* 936 F.2d 412 (9th Cir.1991), we held: "Congress and the Commission must have intended the term 'cocaine base' to include 'crack,' or 'rock cocaine,' which we understand to mean cocaine that can be smoked, unlike cocaine hydrochloride." *Id.* at 416. Although the government did not introduce specific evidence on the issue of whether the drug could be smoked, there was sufficient evidence for the district court to conclude that the substance was cocaine base and not cocaine powder under 21 U.S.C. § 841. The criminologist testified that the substance was not cocaine hydrochloride—which, although not dispositive on the question, tends to indicate that the drug was cocaine base. *See United States v. Brisbane,* 367 F.3d 910, 911 (D.C.Cir.2004) (noting that powder cocaine, as opposed to cocaine base, is "usually" cocaine hydrochloride). The criminologist also testified that the substance was found in "rocklike" form, also supporting a finding of cocaine base. *See Shaw,* 936 F.2d at 415; U.S.S.G. § 2D1.1(c)(D) (describing cocaine base as "usually appearing in a lumpy, rocklike form"). Finally, other circumstantial evidence adduced at trial, including the testimony of Police Sergeant Faulis, demonstrates that the substance was cocaine base under 21 U.S.C. § 841. Therefore, the district judge appropriately found that the substance was cocaine base.

**AFFIRMED.**