**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50636 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04477-LAB-1 |
| v. | |
| MIGUEL OSUNA-ALVAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Miguel Osuna-Alvarez ("Osuna") appeals his convictions for importation of

methamphetamine, in violation of 21 U.S.C. §§ 952 and 960, and aggravated

identity theft, in violation of 18 U.S.C. § 1028A. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.      Osuna first contends that his jury trial waiver is invalid because it was not made voluntarily, knowingly, and intelligently.  "We review the adequacy of a jury-trial waiver de novo."  *United States v. Shorty*, 741 F.3d 961, 965 (9th Cir. 2013).  Where, as here, "the defendant's mental or emotional state is a substantial issue," the district court is required to conduct "an in-depth colloquy which reasonably assures the court that under the particular facts of the case, the signed waiver was voluntarily, knowingly, and intelligently made."  *United States v. Christensen*, 18 F.3d 822, 825–26 (9th Cir. 1994).  We have clarified that "[a]n in-depth colloquy . . . includes instructing the defendant of the four facts listed in *Cochran*."  *Shorty*, 741 F.3d at 966 (citing *United States v. Cochran*, 770 F.2d 850, 853 (9th Cir. 1985) (The district court should inform the defendant that "(1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial.")).  In addition, "the district court should question the defendant to ascertain whether the defendant understands the benefits and burdens of a jury trial and freely chooses to waive a jury."  *United States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997).

The district court informed Osuna of the four facts listed in *Cochran*.  When the court asked Osuna whether he understood, Osuna responded that he did.  When

2

subsequently questioned as to whether he would like to proceed before a jury or before the district court judge, Osuna answered, "By you." The court's detailed instructions and colloquy were sufficient to "reasonably assure[]" the district court that Osuna's waiver was knowing, voluntary, and intelligent. *See Christensen*, 18 F.3d at 826. We therefore affirm the validity of Osuna's jury trial waiver.

2.  Osuna next contends that the district court erred in deeming Osuna competent to stand trial. We review for clear error. *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002). "On defendant's appeal the evidence relating to his competency must be considered in the light most favorable to the Government." *United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir. 1994), *overruled on other grounds by United States v. Preston*, 751 F.3d 1008, 1015–20 (9th Cir. 2014). Although Osuna was deemed incompetent shortly after his arrest, he was committed to the custody of the Attorney General for four months of treatment and hospitalization. Following treatment and observation, the treating facility's psychiatric staff determined that, although Osuna still suffered from major depressive disorder, his competency to stand trial had been restored. The staff also diagnosed Osuna with malingering, concluding that psychological testing revealed a high likelihood that Osuna was deliberately feigning symptoms and deficits in his legal knowledge. These conclusions were consistent with

3

Osuna's earlier competency evaluation, which acknowledged the possibility that Osuna's mental health would improve with treatment. Viewing the evidence in the light most favorable to the Government, the district court properly relied on the diagnoses and recommendations set forth in Osuna's most current psychological evaluation to conclude that Osuna had regained competence to stand trial.

3.     Osuna argues that the district court erred by admitting methamphetamine evidence, despite the fact that the seal on the package containing the evidence had been broken. We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014). Where, as here, a defendant identifies a defect in the chain of custody, "[t]he prosecution must introduce sufficient proof so that a reasonable juror could find that [the items] are in substantially the same condition as when they were seized, and may admit [the items] if there is a reasonable probability [the items] have not been changed in important respects." *United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995). "Furthermore, a defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced." *Id.* at 769. Here, both investigating officers testified that the methamphetamine evidence was in substantially the same condition as when it was seized and tested.

4

Therefore, the district court did not abuse its discretion by admitting the methamphetamine evidence.

4.     Osuna argues that he did not voluntarily waive his *Miranda* rights and, therefore, that the district court erred by admitting Osuna's post-arrest statements. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  We review the question of voluntariness de novo. *Cox v. Del Papa*, 542 F.3d 669, 675 n.6 (9th Cir. 2008).  A *Miranda* waiver "must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  However, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).  Thus, where a defendant contends that his statements were involuntary in light of his mental illness, he must present evidence to show that his "will was overborne at the time he confessed." *United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc) (internal quotation marks omitted) (citation omitted).  Osuna does not introduce any evidence that the police coerced or overbore his will at the time of his confession.  Therefore, we affirm the district court's admission of Osuna's post-arrest statements.

5.      Last, Osuna argues that the evidence was insufficient to sustain his conviction for importation of methamphetamine because the Government failed to prove beyond a reasonable doubt that Osuna had intentionally brought drugs into the United States.[1]  *See* 21 U.S.C. §§ 952, 960.  A rational jury could conclude from the evidence at trial that Osuna intentionally brought drugs into the U.S., given that Osuna was the driver and sole occupant of a vehicle in which a large quantity of drugs were discovered.  *See United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003) ("A jury can infer knowledge when an individual is the driver and sole occupant of the vehicle. A jury can also infer knowledge from possession of a large quantity of drugs." (internal citation omitted)); *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000) (holding that possession of large quantity of narcotics with a high street value "was virtually conclusive of guilt").  Therefore, we hold that the evidence was sufficient to support Osuna's conviction for importation of methamphetamine.

        **AFFIRMED.**

---

[1]  Osuna also challenges the sufficiency of the evidence underlying his conviction for aggravated identity theft.  We address this issue in a contemporaneously filed opinion.