**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Appellee,<br><br>     v.<br><br>HUSSIEN FAWAS ELTAREB,<br><br>              Defendant-Appellant. | No. 18-50362<br><br>D.C. No. 5:17-cr-00016-JGB-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 13, 2020
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and COLLINS, Circuit Judges.

Hussien Eltareb appeals his conviction, after a bench trial, of distribution of

at least 50 grams of methamphetamine (Count 2), 21 U.S.C. § 841(a)(1),

(b)(1)(A)(viii); conspiracy to do the same (Count 1), *id*. § 846; and using or

possessing a firearm in furtherance of a drug trafficking crime (Count 3), 18 U.S.C.

§ 924(c)(1)(A)(i). We affirm Eltareb's conviction and sentence.

1. Reviewing de novo, *United States v. Shorty*, 741 F.3d 961, 965 (9th Cir.

2013), we conclude that the district court properly accepted Eltareb's jury-trial

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

waiver at the time it was made. Because Eltareb waived a jury trial in writing, the Government consented, and the district court approved, the requirements of Federal Rule of Criminal Procedure 23(a) were all satisfied, thereby "creat[ing] a presumption that the waiver is a voluntary, knowing and intelligent one." *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir. 1985); *see also United States v. Bishop*, 291 F.3d 1100, 1113 (9th Cir. 2002). We have held that this presumption does not apply where the district court is "on notice" or has "reason to suspect" that the jury-trial waiver may not be voluntary, knowing, and intelligent at the time the court is asked to approve the waiver, and that in such circumstances the court may need to conduct "an in-depth colloquy" before accepting such a waiver. *See United States v. Christensen*, 18 F.3d 822, 825–26 (9th Cir. 1994). In challenging his jury-trial waiver, however, Eltareb relies solely on his post-verdict evidentiary submissions and does not point to anything in the record that would have alerted the district court, at the time it accepted the waiver, that any further colloquy was warranted. The district court therefore did not err in accepting Eltareb's waiver at the time it was made. *See Cochran*, 770 F.2d at 851 & n.1.

Eltareb's opening brief implicitly assumes, without argument, that the district court nonetheless should have considered his post-verdict evidence in connection with his *new trial motion*. The district court specifically declined to consider the evidence in that posture, holding that, under *Cochran*, any such

2

additional evidence attacking the jury-trial waiver could only "be presented through habeas corpus proceedings." In reaching this conclusion, the district court pointed to *Cochran*'s statement that, if a defendant "wishes to pursue his claim that the waiver was not made voluntarily, knowingly, or intelligently by introducing facts outside the record[,] he must do so in a habeas corpus proceeding, not a direct appeal." 770 F.2d at 851 n.1. Given this specific holding, Eltareb could not properly rely on that evidence in attacking the denial of the new trial motion on appeal without explaining in his opening brief why the district court was incorrect in explicitly refusing to consider that evidence. Eltareb's opening brief, however, does not even mention this latter holding at all, much less explain why it was wrong. Indeed, Eltareb did not present any such argument until his reply brief, which was *after* the Government's answering brief had already noted the omission and contended that the point had been forfeited. We agree that, under these circumstances, Eltareb forfeited the point. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived."). Accordingly, we express no view as to whether the district court's reading of *Cochran* on this point was correct.

2. We reject Eltareb's contention that the district court committed reversible error by admitting the testimony of Senior Deputy Jacob Holt and ATF Special

Agent Rustin Wayas. The parties disagree as to whether the alleged errors should be reviewed for abuse of discretion or only for plain error, but we need not resolve this dispute. Even assuming that the abuse-of-discretion standard applies, there was no prejudicial error.

a. Holt's testimony as to the structure and operations of the Hells Angels organization was not inadmissible profile or character evidence. *See, e.g., United States v. Murillo*, 255 F.3d 1169, 1176 (9th Cir. 2001), *overruled on other grounds as recognized by United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007). The same is true of Wayas's testimony about the nature of large drug-trafficking transactions and the possession of firearms in connection with such transactions. *See, e.g., United States v. Cordoba*, 104 F.3d 225, 230 (9th Cir. 1997) ("[T]estimony that drug traffickers do not entrust large quantities of drugs to unknowing transporters is not drug courier profile testimony."), *overruled on other grounds as recognized by United States v. Valencia-Lopez*, 971 F.3d 891, 901 (9th Cir. 2020). Their testimony supplied relevant context for understanding the actions of Eltareb and his co-defendant Brian Henson during the drugs-for-guns transaction, and that testimony bears no resemblance to the sort of profile evidence condemned in *United States v. Wells*, 879 F.3d 900, 918, 920–21 (9th Cir. 2018) (district court erred by admitting testimony about the profile of "individuals who would perpetrate a workplace targeted homicide," which the Government then

4

used "to 'fit' [the defendant's] personal characteristics"). The district court likewise did not abuse its discretion in concluding that Holt's testimony was not inadmissible under Federal Rule of Evidence 403. *See*, *e.g.*, *United States v. Torralba-Mendia*, 784 F.3d 652, 663 (9th Cir. 2015) (evidence about an "organization's methods" can help to "prove the existence of a conspiracy and put [the defendant's] actions in context"); *see also United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072–73 (9th Cir. 2011).

b. There was no abuse of discretion in declining to exclude Holt's and Wayas's testimony under Federal Rule of Evidence 704(b). The fact that this testimony supported an inference of Eltareb's knowledge and intent—even a very strong inference—is not enough to violate Rule 704(b). Rather, Rule 704(b) is violated only if the testimony stated an opinion that "would *necessarily compel* the conclusion" that the defendant had "the mental state . . . that constitutes an element of the crime charged." *United States v. Morales*, 108 F.3d 1031, 1035, 1037 (9th Cir. 1997) (en banc) (emphasis added). Although Wayas's testimony occasionally and unwisely strayed into using phrases that arguably suggest a direct opinion that Eltareb possessed the gun for defensive purposes, that still does not directly correspond to the mental state for any of the crimes charged. Rather, even accepting that Wayas stated an opinion that Eltareb subjectively had the asserted defensive purpose in possessing the gun, a *further* inference is necessary in order

5

to establish the requisite mens rea that "constitutes an element" of either of "the crime[s] charged." FED. R. EVID. 704(b). Because the district court could reasonably conclude that the ultimate mental state was not "necessarily compel[led]" by Wayas's testimony, there was no abuse of discretion. *See Morales*, 108 F.3d at 1037; *see also Murillo*, 255 F.3d at 1178.

c. In any event, even if Holt's and Wayas's testimony should have been excluded, there was no reversible error. The district court specifically concluded that, even apart from Holt's and Wayas's testimony, "there was sufficient circumstantial evidence to prove beyond a reasonable doubt that Eltareb intended to help Henson perform the drug transaction prior to its completion," and also that the additional evidence concerning Eltareb's possession of the firearm "was sufficient to convict Eltareb of 18 U.S.C. § 924(c)."[1] And in the context of this bench trial, these statements confirm that the trier of fact would have convicted even if this testimony had been excluded. On this record, we perceive no grounds for finding reversible error in connection with the admission of Holt's and Wayas's testimony.

3. On the specific record of this case, the district court did not commit

---

[1] Reviewing de novo, *see United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994), we agree with the district court that, with or without the testimony of Holt and Wayas, the evidence was sufficient to permit the trier of fact to convict Eltareb. The district court therefore properly denied his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29.

procedural error at sentencing by failing expressly to address Eltareb's various arguments for a lower sentence. In its earlier ruling denying Eltareb's motion for a new trial, the district court had already held that the evidence at trial did not support a derivative sentencing entrapment defense because Henson "did not express any hesitancy or reservations" about adding methamphetamine to the deal and because Henson "repeatedly suggested increasing the transaction" and demonstrated a "capability to procure an increased amount of drugs." Given these conclusions as to Henson's role in increasing the scale of the transaction, the district court had already sufficiently set forth its disagreement with Eltareb's arguments that the Government had "inflated" the quantity of drugs. As a result, the mandatory minimum sentence on all counts was 180 months. Because that is the sentence that the district court imposed, Eltareb's remaining complaints about the district court's explanation for the sentence necessarily fail. *Spears v. United States*, 555 U.S. 261, 266–67 (2009).

    **AFFIRMED.**