**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000855
26-JUL-2024
08:00 AM
Dkt. 107 SO**

CAAP-17-0000855

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
NICHOLAS MONTIBON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAHIAWA DIVISION)
(CASE NO. 1DCW-16-0004425)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Nicholas Montibon (**Montibon**) appeals from the November 2, 2017 Notice of Entry of Judgment and/or Order (**Judgment**), entered by the District Court of the First Circuit, Wahiawā Division (**District Court**).[1]  On November 1, 2016, the State of Hawai'i (**State**) charged Montibon by Complaint with one count of Sexual Assault in the Fourth Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-733(1)(a) (Supp. 2023), and two counts of Attempted Sexual Assault in the

---

[1]  The Honorable Maura M. Okamoto presided over the November 17, 2016 pretrial proceedings.  The Honorable Patricia A. McManaman presided at trial.

Fourth Degree in violation of HRS §§ 705-500(1)(b) (2014) and 707-733(1)(a).

Montibon raises two points of error on appeal contending that:  (1) Montibon's waiver of a jury trial was not valid because the District Court failed to conduct a proper colloquy; and (2) the flawed procedural history of this case rendered the District Court's Tachibana colloquy illogical and meaningless, particularly with respect to Montibon's right not to testify.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Montibon's points of error as follows:

(1)  Montibon argues that the waiver of his right to a jury trial was not valid because the District Court failed to ensure that it was the product of a knowing and voluntary decision.

It is well-established that:

> When a criminal defendant has the right to a jury trial, the trial court is required to "inform the defendant of the right to jury trial in the circuit court[,] and that the defendant may elect to be tried without a jury in the district court."  Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 5(b)(1) (2014).  This serves several purposes:  "(1) it more effectively insures voluntary, knowing, and intelligent waivers[;] (2) it promotes judicial economy by avoiding challenges to the validity of waivers on appeal[;] and (3) it emphasizes to the defendant the seriousness of the decision[.]"  State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000) (quoting United States v. Cochran, 770 F.2d 850, 851-52 (9th Cir. 1985)).

> A defendant may waive the right to trial by jury either orally or in writing, provided that such waiver is knowing and voluntary, and comes directly from the defendant.  State v. Ibuos, 75 Hawaiʻi 118, 121, 857 P.2d

2

> 576, 578 (1993). But, even where the defendant executes a written waiver form, "the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary." [State v. Gomez-Lobato, 130 Hawaiʻi 465, 469, 312 P.3d 867, 901 (2013)]. The validity of a defendant's waiver of the right to a jury trial is reviewed "under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." Friedman, 93 Hawaiʻi at 70, 996 P.2d at 275 (citation omitted).

State v. Ernes, 147 Hawaiʻi 316, 320-21, 465 P.3d 763, 767-68 (2020).

On November 17, 2016, when Montibon's case was called, Montibon's attorney waived reading of the charges, stated Montibon was entering a not guilty plea, and requested a trial setting. The District Court asked, "do we need to do a waiver or demand?" Counsel informed the court, "he's going to waive." The District Court told counsel there was a form for that. The District Court then stated that it would pass the case "for a minute," and "I'm going to let you just talk to your client real briefly. He needs to read through that. Make sure he understands. Then as soon as you're ready, we'll call you back up."

Montibon signed and filed a Waiver of Jury Trial form, which states:

> I, the undersigned, have read completely this waiver form and understand that by signing it, I am now and forever voluntarily waiving and giving up my right to trial by jury on the present charges.
> I further understand that I have the right to be tried by a jury of not less than twelve (12) citizens drawn from the community and that all of those twelve jurors would have to unanimously agree that the evidence introduced against me at trial proved my guilt beyond a reasonable doubt before I could be convicted of the charges against me. If any one of those twelve should find the evidence not persuasive beyond a reasonable doubt, a conviction could not be entered. Further, I would have an opportunity to help select which

members of the community might serve on the jury and to ask questions of prospective jurors.

By giving up my right to trial by jury I understand that the evidence at any trial will be considered and all decisions regarding my guilt or innocence will be made by a single Judge of the District Court.

I am not under the influence of any drugs or alcohol at this time, and my mind is clear.

I fully understand the nature of my right to trial by jury and that the decision to give up the right is entirely up to me. If I do not give up the right to trial by jury at this time, I understand that my case will be sent to the Circuit Court for a jury trial.

I HEREBY WAIVE AND GIVE UP MY RIGHT TO BE TRIED BY A JURY AND AGREE THAT MY CASE MAY BE TRIED BY A SINGLE JUDGE.

When the case was recalled, the colloquy proceeded as follows:

[Montibon's Attorney]: And, Your Honor, we -- we did complete the waiver of jury trial, Judge. (Indiscernible) deputy prosecuting attorney (indiscernible).

THE COURT: Thank you.

So, sir, and you went over this form with your attorney?

[Montibon]: Yes.

THE COURT: Okay. And what you have decided to do is give up your right to have a trial by jury; is that correct?

[Montibon]: Correct.

THE COURT: And tell me, what is a trial by jury? Who makes the decision?

[Montibon]: The jury, 12 people.

THE COURT: Yeah. And they have to come to a unanimous decision.

You're saying, I give up that right, and I will let a single judge decide this matter if it goes to trial; yeah? Okay.

So then I find that you have waived your right to a jury trial, and the waiver was knowingly, intelligently, and voluntarily made.

So, now, we're going to set this matter for trial.

As stated above, the validity of Montibon's waiver of the right to a jury trial is reviewed under the totality of the

circumstances. No argument is made concerning Montibon's background, experience, and conduct, and he appeared to respond appropriately in English to the District Court's scant questions. However, the District Court's colloquy was wholly insufficient. The only questions posed to Montibon were whether he went over the form with his attorney, whether he decided to give up his right to have a trial by jury, and who makes the decision in a jury trial. The record reflects that Montibon understood that a jury decides a jury trial and is made up of 12 people. Nothing more. The District Court did not even establish that the waiver was voluntarily made by Montibon himself. The District Court did not advise Montibon that the decision was entirely up to him, to be made with advice of counsel. The District Court did not ask Montibon whether he read and understood the waiver form or whether he had any questions regarding his right to a jury trial. While this jurisdiction has not required strict adherence to particular questions, we note that the District Court did not establish whether Montibon's mind was clear, whether he was under the influence of drugs or alcohol, whether he understood he could participate in the selection of jurors, and that a jury verdict must be unanimous. Although the District Court stated that a single judge would decide the matter, this was done as an announcement in conjunction with the court's finding of a waiver, not as part of a true colloquy as to Montibon's understanding of his right to a jury trial.

Based on the foregoing, *inter alia*, we conclude that the District Court failed to ensure that Montibon's waiver of his constitutional right to a jury trial was a knowing, intelligent, and voluntary waiver.

(2) In light of our disposition of Montibon's first point of error, we need not reach the issue of whether his Tachibana colloquy was insufficient as well.

Accordingly, the District Court's November 2, 2017 Judgment is vacated, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawaiʻi, July 26, 2024.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Walter J. Rodby,<br>for Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Stephen K. Tsushima,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |