**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio DUARTE–HIGAREDA,**
**Defendant–Appellant.**

No. 96–50179.

D.C. No. CR–91–00408–2–MLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1997.

Decided May 9, 1997.

Charles E. Duff, Jr., Vista, California, for defendant-appellant.

Bruce R. Castetter and Julia K. Craig, Assistant United States Attorneys, San Diego, California, for plaintiff-appellee.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.

PREGERSON, Circuit Judge:

This case presents the issue of whether a district court must conduct a colloquy with a non-English-speaking defendant to ensure that the defendant's waiver of his Sixth Amendment right to a jury trial is made voluntarily, knowingly, and intelligently. We hold that in these circumstances, a colloquy is required.

## FACTS AND PRIOR PROCEEDINGS

On April 26, 1991, a federal grand jury indicted Sergio Duarte–Higareda ("Duarte") and three co-defendants for conspiracy to possess methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Duarte pleaded not guilty.

* The Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation.

At a pretrial hearing on April 21, 1992, Duarte's trial counsel told the district court that Duarte would waive his right to be tried by a jury. Counsel stated: "The defendant and I have had an opportunity to discuss the matter. We would waive a jury. I believe it's beneficial to him to do that, after he and I discussed it on two occasions." Duarte's trial counsel said that waiving a jury would enable him to "devote [his] time" to a rape trial involving one of his other clients, but he did not specify how waiving a jury would benefit Duarte.

A Spanish interpreter was present to assist Duarte throughout the district court proceedings. The district court, however, never addressed Duarte through the interpreter to verify Duarte's understanding of the jury waiver. The written waiver that Duarte signed on the day of the April 21 hearing was printed entirely in English. The record does not reflect whether the written waiver was translated into Spanish for Duarte.

Duarte's case was later transferred to a different judge for trial. On the first day of trial on May 21, 1992, the district court asked Duarte's trial counsel, "Is this still a court trial?" Duarte's counsel responded, "Yes, your Honor." Without questioning Duarte about the waiver, the district court proceeded to try Duarte without a jury.

The district court found Duarte guilty on both counts of the indictment and sentenced him to 120 months in prison. Duarte filed a timely notice of appeal.[1] We have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

 The adequacy of a jury waiver is a mixed question of fact and law which this court reviews de novo. *United States v. Christensen*, 18 F.3d 822, 824 (9th Cir.1994).

## DISCUSSION

 A criminal defendant's right to a jury trial is a fundamental right guaranteed by the Sixth Amendment. U.S. Const. amend. VI; *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir.1985). The right to a jury trial may only be waived if the following four conditions are met: (1) the waiver is in writing; (2) the government consents; (3) the court accepts the waiver; and (4) the waiver is made voluntarily, knowingly, and intelligently. *Cochran*, 770 F.2d at 851; *see also* Fed.R.Crim.P. 23(a) ("Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.").

 With regard to the fourth requirement, we have previously set forth guidelines for a district court to follow in determining whether a defendant's jury waiver is voluntary, knowing, and intelligent. The district court should inform the defendant that (1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. *Cochran*, 770 F.2d at 853. Furthermore, the district court should question the defendant to ascertain whether the defendant understands the benefits and burdens of a jury trial and freely chooses to waive a jury. *Id.* at 852–53. Such a colloquy will ensure that the waiver is made voluntarily, knowingly, and intelligently. *Id.* at 852. A colloquy will also emphasize to the defendant the seriousness of the decision; and reduce the likelihood of a later challenge to the validity of the waiver on appeal or in habeas proceedings. *Id.* As we said in *Cochran*, "[t]here is, thus, every reason for district courts to conduct a colloquy before accepting a waiver of the right to trial by jury and no apparent reason for not doing so." *Id.*

---

1. In November 1993, Duarte filed a habeas petition alleging that his trial counsel had failed to file a timely notice of appeal despite Duarte's request that he do so. On May 23, 1994, the district court denied Duarte's habeas petition after an evidentiary hearing at which Duarte was not represented by counsel.

Duarte appealed the denial of his habeas petition. In *United States v. Duarte–Higareda*, 68 F.3d 369 (9th Cir.1995), this court held that the district court erred in failing to appoint counsel to represent Duarte at the evidentiary hearing. *Id.* at 370. Pursuant to a joint motion by Duarte and the government, the district court on remand vacated and re-entered its original judgment and conviction in order to enable Duarte to file a new, timely notice of appeal. Duarte filed a timely notice of appeal on March 26, 1996, from the re-entered judgment and conviction.

We have declined, however, to impose an absolute requirement of such a colloquy in every case. *Id.* at 853. In *Cochran,* for example, we held that the district court was not required to question the defendant about his understanding of the jury waiver where the defendant had signed a written waiver in accordance with Fed.R.Crim.P. 23(a). *Id.* at 851. The written waiver created a presumption that the waiver was voluntary, knowing, and intelligent. *Id.* This presumption was unrebutted because "[t]here [were] no additional facts in the record bearing upon the question whether the waiver was voluntary, knowing, and intelligent." *Id.*

█ Yet the showing that a waiver is voluntary, knowing, and intelligent remains a "necessary precondition ... distinct from the requirement that the waiver be written." *United States v. Ferreira–Alameda,* 815 F.2d 1251, 1253 (9th Cir.1987) (quoting 8A *Moore's Federal Practice* ¶ 23.02[2][c] (2d ed.1984)). In some cases, the fact of a written waiver will *not* create any presumption that the waiver is voluntary, knowing, and intelligent. For example, we have held that "[t]he suspected presence of mental or emotional instability eliminates any presumption that a written waiver is voluntary, knowing, or intelligent." *Christensen,* 18 F.3d at 826. In *Christensen,* evidence of the defendant's manic-depressive disorder put the district court on notice that the defendant's waiver "might be less than knowing and intelligent." *Id.* at 825. Accordingly, the district court was obliged to conduct "an in-depth colloquy which reasonably assures the court that ... the signed waiver was voluntarily, knowingly, and intelligently made." *Id.* at 826.

█ In the present case, Duarte makes no suggestion that he is mentally or emotionally unstable. Instead, Duarte asserts that his use of a Spanish interpreter throughout the district court proceedings put the district court on notice that Duarte may not have understood the waiver he had executed in English. Duarte argues that this evidence of a language barrier was enough to rebut any presumption that his written waiver—printed solely in English—was voluntary, knowing, and intelligent. Duarte further contends that, given this obvious language barrier, the district court was obliged to conduct a colloquy with Duarte, through the interpreter, to ensure that the waiver was valid.

We agree. Our decision in *Christensen* shows that where the record indicates a special disadvantage or disability bearing upon the defendant's understanding of the jury waiver, the district court must conduct a colloquy with the defendant to ensure that the waiver is voluntary, knowing, and intelligent. Duarte's language barrier, like Christensen's mental illness, is a "salient fact" that was known to the district court and put the court on notice that Duarte's waiver "might be less than knowing and intelligent," 18 F.3d at 825. Under these circumstances, the district court was obliged to conduct a colloquy with Duarte to carry out its "serious and weighty responsibility" of ensuring that a defendant's jury waiver is voluntary, knowing, and intelligent. *Id.* at 826. By failing to address Duarte at all, the district court failed to discharge this responsibility.

## CONCLUSION

We conclude that the district court erred in failing to conduct a colloquy with Duarte to ensure that his jury waiver was made voluntarily, knowingly, and intelligently. Moreover, we conclude that this error warrants reversal because the district court's failure to ensure the adequacy of Duarte's jury waiver affected the basic framework of Duarte's trial and we cannot determine whether this effect was harmless. *See United States v. Annigoni,* 96 F.3d 1132, 1143 (9th Cir.1996) (explaining that reversal is required for "structural" errors which affect the framework of a trial and defy analysis by harmless-error standards); *Cochran,* 770 F.2d at 852 (warning that "retrospective inquiries to determine the validity of waivers are likely to be futile"); *Christensen,* 18 F.3d at 826 ("The district court's failure to conduct an adequate colloquy ... constitutes reversible error."). Accordingly, we reverse Duarte's convictions and remand his case for a new trial.

**REVERSED and REMANDED.**