**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel ZACARIAS–ORTIZ, aka
Coyotito, Defendant—
Appellant.**

No. 00–50234.
D.C. No. CR–98–03556–09–IEG.

United States Court of Appeals,
Ninth Circuit.

Submission Deferred May 22, 2001.

Submitted Aug. 16, 2002 *.

Decided Aug. 16, 2002.

Before D.W. NELSON, FERNANDEZ
and RYMER, Circuit Judges.

MEMORANDUM **

Miguel Angel Zacarias–Ortiz appeals the
judgment and sentence for one count of
conspiring to manufacture and distribute
methamphetamine in violation of 21 U.S.C.
§§ 846, 841(a)(1). We have jurisdiction
and we affirm.

Zacarias–Ortiz's waiver of a jury trial
was knowing and voluntary. He did not
have to be advised that the jury would
come from the community or that he could
participate in its selection. Zacarias–Ortiz
and counsel signed a written waiver, and
the oral colloquy was adequate to ensure

Zacarias–Ortiz's understanding of the
waiver. *See United States v. Duarte–Hi-
gareda,* 113 F.3d 1000, 1003 (9th Cir.1997);
*United States v. Cochran,* 770 F.2d 850,
851 (9th Cir.1985). The record reflects
that an interpreter was present and assist-
ed him. Nor is the waiver invalid in light
of *Apprendi v. New Jersey,* 530 U.S. 466,
120 S.Ct. 2348, 147 L.Ed.2d 435 (2000);
*Apprendi* has nothing to do with whether
the case will be tried to a jury or to the
judge.

Zacarias–Ortiz's argument that *Appren-
di* renders 21 U.S.C. §§ 846 and 841(a)(1)
facially unconstitutional is foreclosed by
*United States v. Buckland,* 289 F.3d 558,
563–68 (9th Cir.2002) (en banc). His claim
that the government was required to prove
that he knew the quantity and type of the
drugs involved in his offenses is foreclosed
by *United States v. Carranza,* 289 F.3d
634, 644 (9th Cir.2002).

Zacarias–Ortiz's as-applied challenge to
his sentence under *Apprendi* also fails; he
was not prejudiced by any *Apprendi* error
because he was sentenced below the lowest
applicable statutory maximum for meth-
amphetamine. *See United States v.
Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.
2000).

There was no plain error in the district
court's failure to apply a clear-and-convinc-
ing standard in determining Zacarias–Or-
tiz's base offense level on the basis of drug
quantity. "[D]ue process does not require
the application of the clear and convincing
standard when 'the extent of the conspira-
cy caused the tremendous increase in sen-
tence.'" *United States v. Johansson,* 249
F.3d 848, 855 (9th Cir.2001) *quoting Unit-
ed States v. Harrison–Philpot,* 978 F.2d
1520, 1522 (9th Cir.1992). The district

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

court's determination of drug quantity relied on the scope of the conspiracy beyond Zacarias–Ortiz's own involvement, based on its finding that he supported and assisted in the entire scheme in order to benefit himself. That finding is not clearly erroneous.

Finally, we have reviewed the government's in camera submission, and see no error in the district court's decision.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.