**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Julian Nevarez NUNEZ, Defendant—**
**Appellant.**

**No. 00–50648.**

**D.C. No. CR–99–00009–RT–02.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided March 14, 2003.

Before PREGERSON, THOMAS, Circuit Judges, and OBERDORFER, District Judge.**

MEMORANDUM ***

Julian Nevarez Nunez ("Nunez") appeals his conviction and sentence, following a bench trial, for conspiracy to possess with intent to distribute methamphetamine, and possession with intent to distribute phenethylamine, a controlled substance analogue, in violation of 21 U.S.C. §§ 813, 841(a)(1), and 846. Nunez argues that his waiver of his Sixth Amendment right to a jury trial was not voluntarily, knowingly, and intelligently made. We have jurisdiction pursuant to 28 U.S.C.

** The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1291. We review *de novo*. *See United States v. Duarte–Higareda*, 113 F.3d 1000, 1002 (9th Cir.1997). We affirm.

Nunez's right to a jury trial is a fundamental right guaranteed by the Sixth Amendment. U.S. CONST. amend. VI; *Duarte–Higareda*, 113 F.3d at 1002. Nunez, however, may waive his right to a jury trial if the following four conditions are met: (1) the waiver is in writing; (2) the government consents; (3) the court accepts the waiver; and (4) the waiver is made voluntarily, knowingly, and intelligently. *Id.* (citing *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir.1985)). Only the last condition is contested in this case.

Compliance with FED. R.CRIM. P. 23(a), requiring a written waiver of the right to a jury trial, creates a presumption that the waiver is voluntary, knowing, and intelligent. *Cochran*, 770 F.2d at 851. That presumption, however, is eliminated when "the record indicates a special disadvantage or disability bearing upon the defendant's understanding of the jury waiver." *Duarte–Higareda*, 113 F.3d at 1003. Here, Nunez, like Duarte–Higareda, speaks only Spanish. Throughout the proceedings a "Spanish–to–English and English–to–Spanish" court interpreter translated the proceedings for Nunez's benefit. Nunez's "language barrier" was a "special disadvantage" known to the district court; thus, the district court was required to conduct an adequate colloquy with Nunez "to carry out its 'serious and weighty responsibility' of ensuring that a defendant's jury waiver is voluntary, knowing, and intelligent." *Id.* (holding that the district court is required to conduct a colloquy with a non-English-speaking defendant in order to ensure that defendant's waiver of his right of a jury trial was voluntarily, knowingly, and intelligently made); *see also United States v. Christensen*, 18 F.3d 822, 826 (9th Cir.1994) (when the district court suspects a defendant suffers from mental or emotional instability, the district court must conduct an in-depth colloquy that reasonably assures the court that the signed waiver of a jury trial was voluntarily, knowingly, and intelligently made).

The district court, through the court interpreter, conducted an adequate colloquy that reasonably assured the district court that Nunez voluntarily, knowingly, and intelligently waived his right to a jury trial. Because we find that his waiver was voluntary, knowing, and intelligent, we AFFIRM Nunez's conviction and sentence.