**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfonso ESPINOZA–CORTEZ, Defendant—Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Alfonso Espinoza–Cortez, Defendant–Appellant.**

**Nos. 02–30041, 02–30051. D.C. Nos. CR–00–00325–JAR, CR–00–00256–1–JAR.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 6, 2003.*
Decided May 8, 2003.

Before LAY, WALLACE, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Espinoza–Cortez appeals from his judgment of conviction for conspiracy to distribute cocaine, heroin and methamphetamine in violation of 18 U.S.C. §§ 841(a) and 846, and from his sentence after a plea of guilty to illegal re-entry into the United States in violation of 8 U.S.C. § 1326. The district court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction over Espinoza–Cortez's timely appeal pursuant to 28 U.S.C. §§ 1291 and 1294.

Espinoza–Cortez argues on appeal that his conviction following a bench trial for the conspiracy charge must be vacated because the record does not reflect that he made a knowing, voluntary or intelligent waiver of his right to a jury trial. The government candidly agrees. The adequacy of a waiver of the right to a jury trial is a mixed question of law and fact that this court reviews de novo. *United States v. Duarte–Higareda*, 113 F.3d 1000, 1002 (9th Cir.1997).

Espinoza–Cortez did not sign a written waiver of his right to a jury trial. Pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, cases such as this which are required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government. There was no written waiver here. But absence of a written waiver is not automatically fatal where the record demonstrates that the defendant made an oral waiver that was knowing, voluntary and intelligent. *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir. 1985). However, in this case, the government acknowledges that there was no colloquy with Espinoza–Cortez that would establish a knowing, intelligent or express waiver of Espinoza–Cortez's right to a jury trial. We agree with the government's confession of error. Espinoza–Cortez is therefore entitled to a new trial on the conspiracy conviction.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Espinoza–Cortez pled guilty to the illegal re-entry charge and was sentenced on that charge at the same time he was sentenced on the conspiracy charge. Defendants are sentenced according to the greater of the two according to the adjustment for multiple counts. *See* U.S. Sentencing Guidelines Manual § 3D1.4. Espinoza–Cortez received an adjusted offense level of 28 due to the conspiracy charge, but it would have been only 24 for the illegal re-entry charge alone. Therefore, on remand, the district court must re-sentence Espinoza–Cortez on this count.

Conspiracy conviction and sentence REVERSED and REMANDED for further proceedings.

Re-entry conviction AFFIRMED but sentence VACATED and REMANDED for re-sentencing.