UNITED STATES of America,
Plaintiff—Appellee,

v.

Montez Salamasina OTTLEY,
Defendant—Appellant.

No. 04–10151.

United States Court of Appeals,
Ninth Circuit.

Submission Deferred April 13, 2005.

Submitted July 6, 2005.*

Decided July 11, 2005.

Larry L. Butrick, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Georgia K. Mcmillen, Esq., Wailuku, HI, for Defendant–Appellant.

Before: D.W. NELSON, KOZINSKI, and BEA Circuit Judges.

MEMORANDUM **

The district court did not plainly err in failing to order a competency hearing, *sua sponte,* given the absence of any "substantial evidence" of Ottley's incompetence to stand trial. *de Kaplany v. Eno-*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*moto,* 540 F.2d 975, 980–83 (9th Cir.1976) (en banc). Ottley's knowing and intelligent waiver of counsel from the first trial carries forward to the second trial and bars her claim for relief on that ground. *United States v. Springer,* 51 F.3d 861, 864–65 (9th Cir.1995). Ottley's waiver of a jury trial was voluntary, knowing and intelligent, as demonstrated by both her written waiver, which affords this presumption, and the extensive colloquy the district court engaged in with the defendant on the subject. *United States v. Duarte–Higareda,* 113 F.3d 1000, 1002–03 (9th Cir.1997). The record does not, as appellant suggests, demonstrate the court's "pervasive bias against Ottley as to make fair judgment impossible." *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). For the foregoing reasons, we affirm the conviction of the district court.

■ Pursuant to *United States v. Ameline,* we grant a limited remand to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal sentencing] [g]uidelines were advisory." 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

AFFIRMED in part and REMANDED in part.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.