UNITED STATES of America, Plaintiff—Appellee,

v.

Viktor MASCAK, Defendant— Appellant.

United States of America, Plaintiff—Appellant,

v.

Viktor Mascak, Defendant—Appellee.

Nos. 04–30279, 04–30321, 04–30313, 04–30322.

D.C. Nos. CR–01–00512–BR, CR–01– 00512–01–AJB, CR–03–00465– BR, CR–03–00465–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided Aug. 5, 2005.

Fredric N. Weinhouse, USPO - Office of the U.S. Attorney Mark O. Hatfield U.S. Portland, OR, for Plaintiff-Appellee.

James G. Rice, Esq., Portland, OR, for Defendant-Appellant.

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before RYMER and KLEINFELD, Circuit Judges, and WEINER,* Senior District Judge.

MEMORANDUM **

Victor Mascak challenges his conviction on two counts of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and two counts of unlawful sale of firearms to out-of-state residents in violation of 18 U.S.C. § 922(a)(5). In addition, Mascak appeals the forfeiture of his firearms and argues that he must be re-sentenced in light of *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government cross-appeals, challenging the district court's downward departure. We affirm Mascak's conviction, affirm the forfeiture, and remand the sentence in accordance with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

I

We review the district court's decision to transfer venue under Federal Rule of Criminal Procedure 18 for abuse of discretion. *United States v. Scholl,* 166 F.3d 964, 969 (9th Cir.1999). Given the record, the district court did not abuse its discretion in re-transferring venue to Portland. *See* Fed.R.Crim.P. 18; *Scholl,* 166 F.3d at 970. Moreover, Mascak did not establish plain Sixth Amendment error arising from a right to a jury venire representing a fair cross-section of the community. *See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *Jones v. Unit-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed States, 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

## II

We review the district court's decision whether to dismiss an indictment based on improper government conduct de novo. *United States v. Fuchs,* 218 F.3d 957, 964 (9th Cir.2000). We review for abuse of discretion the district court's decision not to release grand jury transcripts. *United States v. Perez,* 67 F.3d 1371, 1380 (9th Cir.1995), *opinion withdrawn in part and reversed on other grounds by United States v. Perez,* 116 F.3d 840 (9th Cir.1997) (en banc). The district court had discretion to adopt the process of review that it did. *See* Fed.R.Crim.P. 6(e)(2)(B) & (e)(3)(E)(ii); *Perez,* 67 F.3d at 1381. Comparison of the grand jury transcripts to earlier ATF witness interview reports does not indicate that the government knowingly presented false testimony. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 260–61, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Whatever inconsistencies exist are not material. *See United States v. Sitton,* 968 F.2d 947, 953–54 (9th Cir.1992), *abrogated on other grounds by Koon v. United States,* 518 U.S. 81, 96–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

## III

Mascak's argument that §§ 922(a)(1)(A) and 922(a)(5) offend the Second Amendment is foreclosed by *Silveira v. Lockyer,* 312 F.3d 1052, 1066, 1074–75 (9th Cir.2003) (as amended). *See also United States v. Washington,* 872 F.2d 874, 880 (9th Cir. 1989) ("We are bound by decisions of prior panels unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions.") (internal quotation marks and citation omitted). Neither provision exceeds Congress's pow-

er under the Commerce Clause because both implicate interstate commerce on their face. *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

## IV

The adequacy of a jury trial waiver is a mixed question of fact and law reviewed de novo. *United States v. Duarte–Higareda,* 113 F.3d 1000, 1002 (9th Cir.1997). The record indicates that Mascak's oral and written waivers of his criminal forfeiture jury trial right were knowing, intelligent and voluntary, and that no special reason existed for a more extensive colloquy. *Cf., e.g., Duarte–Higareda,* 113 F.3d at 1003; *United States v. Christensen,* 18 F.3d 822, 825–26 (9th Cir.1994). An interpreter was available to Mascak at all times throughout trial, and during his jury trial waiver.

## V

Mascak argues that he should be resentenced in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Booker,* 125 S.Ct. at 769. We grant a limited remand in accordance with *Ameline,* 409 F.3d at 1084–85, and leave all sentencing issues, including the government's challenge to the district court's decision to downward depart in consideration of Mascak's "law abiding life," to the district court to consider on remand.

AFFIRMED IN PART; REMANDED IN PART.