FILED

MAR 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50226 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02417-H-1 |
| v. | |
| ROBERT HADLEY HEIZELMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted March 7, 2012[**]
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Heizelman was convicted of two counts of threatening a judge, in violation

of 18 U.S.C. § 115(a)(1)(B). He appeals, arguing that his jury waiver was not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

voluntary, knowing, and intelligent and that his statements were not "true threats" and are therefore protected speech. We affirm.

We review *de novo* the adequacy of a jury waiver. *United States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997). Given the "suspected presence of mental or emotional instability" in a defendant, the district court is required "to conduct an in-depth colloquy" to assure that the defendant's waiver of a jury trial is voluntary, knowing, and intelligent. *Id.* at 1003 (internal citation and quotations omitted). The record establishes that the district court's colloquy was sufficiently in-depth to assure that Heizelman's waiver was voluntary, knowing, and intelligent.

If a defendant moves for acquittal at trial, we review *de novo* the sufficiency of the evidence. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). If a party fails to make a timely assertion of rights, however, the right is forfeited and we review for plain error. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). We must also determine whether the statement constitutes a true threat, unprotected by the First Amendment, *Stewart*, 420 F.3d at 1015, which requires proof "that the speaker subjectively intended the speech as a threat," *Id.* at 1017 (internal citation and quotations omitted); *see United States v. Bagdasarian*, 652 F.3d 1113, 1117 (9th Cir. 2011) (subjective test "must be read into all threat

statutes that criminalize pure speech"). There was no error. The record contains sufficient evidence to establish the elements of the statutory violation, *see Stewart*, 420 F.3d at 1015, and Heizelman's calls to the district court were "true threats."

   **AFFIRMED.**