**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10329 |
| Plaintiff - Appellee, | D.C. No. 5:12-cr-00632-RMW-1 |
| v. | |
| TOMAS RAMIREZ-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted May 14, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.


Tomas Ramirez-Gonzalez appeals his conviction for illegal reentry under 8

U.S.C. § 1326, collaterally attacking the underlying removal order as a violation of

due process and challenging the validity of his waiver of the right to a trial by jury.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** To successfully attack the underlying deportation order, Ramirez-Gonzalez must demonstrate that: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d); *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir.), *cert. denied*, 134 S. Ct. 805 (2013).  "An underlying removal order is 'fundamentally unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'"  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (alteration in original) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)).

An immigration judge ("IJ") is required to inform an individual in removal proceedings of his or her "apparent eligibility" for relief from removal and provide an opportunity to apply for such relief.  8 C.F.R. § 1240.11(a)(2).  An IJ's failure to issue such an advisement violates due process.  *Rojas-Pedroza*, 716 F.3d at 1262; *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013).  Here, however, the IJ did advise Ramirez-Gonzalez that he "may be eligible" for

voluntary departure and offered him an opportunity to apply. Nothing more was required. *See Rojas-Pedroza*, 716 F.3d at 1263.

**2.** A defendant can waive his right to a trial by jury if the waiver comports with Federal Rule of Criminal Procedure 23(a), which requires (1) a written waiver, (2) governmental consent, and (3) court approval. *United States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997). Additionally, a valid waiver must be voluntary, knowing, and intelligent. *Id.*; *United States v. Christensen*, 18 F.3d 822, 824 (9th Cir. 1994). Compliance with Rule 23(a) creates a presumption that the waiver is voluntary, knowing, and intelligent. *United States v. Bishop*, 291 F.3d 1100, 1113 (9th Cir. 2002); *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir. 1985). This presumption ceases to operate only if the record "indicates a special disadvantage or disability bearing upon the defendant's understanding of the jury waiver." *Duarte-Higareda*, 113 F.3d at 1003.

Here, Ramirez-Gonzalez's jury waiver complied with Rule 23. It was in writing, the government consented to the waiver, and the court accepted the waiver. Accordingly, the presumption that the waiver was voluntary, knowing, and intelligent is triggered. Ramirez-Gonzalez does not point to any facts in the record that would indicate he was unable to understand the waiver. Consequently, we conclude that his waiver was valid.

3

**AFFIRMED.**