**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000244
29-JUN-2020
09:26 AM**

NO. CAAP-19-0000244

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PATRICK E. BIDA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DCW-18-0001384)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Chan and Wadsworth, JJ.)

Defendant-Appellant Patrick E. Bida (**Bida**) appeals from the Judgment and Notice of Entry of Judgment, entered in the South Kohala Division of the District Court of the Third Circuit (**District Court**)[1] on February 21, 2019.  After a bench trial, the District Court convicted Bida of:  (1) Reckless Endangering in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-714(1)(b) (2014);[2] (2) Registration Mandatory, in

---

[1]    The Honorable Mahilani Hiatt presided.

[2]    HRS § 707-714(1)(b) provides:

>      (1)  A person commits the offense of reckless
> endangering in the second degree if the person:
>
> . . . .
>
>      (b)  Intentionally discharges a firearm in a
>           populated area, in a residential area, or within
>           the boundaries or in the direction of any road,
>           street, or highway; provided that the provisions
>           of this paragraph shall not apply to any person
>           who discharges a firearm upon a target range for
>                                          (continued...)

violation of HRS § 134-3(a) (Supp. 2016);[3/] and (3) Permits to Acquire, in violation of HRS § 134-2(a) (2011).[4/]

Bida's sole point of error on appeal is that the District Court failed to obtain a valid waiver of his constitutional right to a jury trial "where it failed to engage him in an on-the-record colloquy to determine that he was knowingly, intelligently and voluntarily waiving" that right.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bida's point of error as follows:

---

[2/] (...continued)

> the purpose of the target shooting done in compliance with all laws and regulations applicable thereto.

[3/]    HRS § 134-3(a) provides, in relevant part:

> (a) Every person arriving in the State who brings or by any other manner causes to be brought into the State a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, shall register the firearm within five days after arrival of the person or of the firearm, whichever arrives later, with the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither a place of business nor residence, the person's place of sojourn.

[4/]    HRS § 134-2(a) provides:

> (a)  No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section.  When title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of a firearm; provided that upon presentation of a copy of the death certificate of the owner making the bequest, any heir or legatee may transfer the inherited or bequested firearm directly to a dealer licensed under section 134-31 or licensed by the United States Department of Justice without complying with the requirements of this section.

As an initial matter, we note that Bida did not raise this issue before the District Court.  However, the Hawaiʻi Supreme Court has held that a trial court's failure to obtain a valid waiver of the right to a jury trial constitutes plain error that can be considered for the first time on appeal.  See State v. Gomez-Lobato, 130 Hawaiʻi 465, 469 n.4, 312 P.3d 897, 901 n.4 (2013).  We therefore review Bida's point of error.

Hawaiʻi law recognizes the right to a jury trial as a fundamental right that cannot be relinquished absent a knowing, intelligent, and voluntary waiver.  State v. Torres, 144 Hawaiʻi 282, 288, 439 P.3d 234, 240 (2019) (citing State v. Ibuos, 75 Haw. 118, 120, 857 P.2d 576, 577 (1993); State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000)).  Generally, "[t]he waiver shall be either by written consent filed in court or by oral consent in open court entered on the record."  Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 23(a).  "Although the rule indicates the waiver may be given by written or oral consent, the rule does not relieve the court of its obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given."  Gomez-Lobato, 130 Hawaiʻi at 469, 312 P.3d at 901 (emphasis omitted).  "[E]ven where the defendant executes a written waiver form, 'the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary.'"  State v. Ernes, No. SCWC-17-0000507, 2020 WL 3263690, at *4 (Haw. June 17, 2020) (quoting Gomez-Lobato, 130 Hawaiʻi at 469, 312 P.3d at 901).

When determining whether the waiver of a jury trial is knowing, intelligent, and voluntary, the Hawaiʻi Supreme Court has "advised" trial courts to conduct the suggested colloquy in United States v. Duarte-Higareda, 113 F.3d 1000 (9th Cir. 1997),[5] but stated it is not mandatory for every case.  Torres, 144 Hawaiʻi at 288, 288 n.9, 439 P.3d at 240, 240 n.9 (citing

---

[5]    In Duarte-Higareda, the Ninth Circuit determined, *inter alia*, that the trial court was required to inform the defendant that:  "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." 113 F.3d at 1002 (citing United States v. Cochran, 770 F.2d 850, 853 (9th Cir. 1985)).

Gomez-Lobato, 130 Hawaiʻi at 470, 312 P.3d at 902).  "Whether a defendant validly waived the right to jury trial is reviewed under the totality of the circumstances surrounding a case, taking into account the defendant's background, experience, and conduct."  State v. Domut, 146 Hawaiʻi 183, 193, 457 P.3d 822, 832 (2020) (citing Gomez-Lobato, 130 Hawaiʻi at 470, 312 P.3d at 902).  "A waiver is knowing and intelligent when it is made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Id. (citing Torres, 144 Hawaiʻi at 288, 439 P.3d at 240).

Here, at a hearing on December 4, 2018, the District Court initially instructed Bida and his attorney to "go over" a Defendant's Waiver of Right to Jury Trial form (**Waiver Form**), but then directed Bida to "[g]o over the [Waiver F]orm by yourself. If you have questions you can ask [defense counsel]."  Several minutes later, the following exchange occurred:

> [DEFENSE COUNSEL]:  Thank you very much, Judge.  Mr. Bida is ready. . . .
>
> THE COURT:  . . . [S]o how old are you, Mr. Bida?
>
> THE DEFENDANT:  Thirty-eight.
>
> THE COURT:  Okay.  I'm just gonna put that in here 'cause it was missing from that.
>
> So your attorney has just handed me a waiver of right to jury trial on State of Hawaiʻi versus Patrick E. Bida. Is this the form that you completed, sir?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  Okay.  And, um, you read and write English?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And are you presently under the influence of any drugs, medication or alcohol?
>
> THE DEFENDANT:  No, ma'am.
>
> THE COURT: Uh, ever been treated for a mental illness?
>
> THE DEFENDANT:  No, ma'am.
>
> THE COURT:  Are you thinking, uh, with a clear head this morning?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT:  Anybody forcing you to enter, uh, uh, to waive your right to a jury trial, sir?

4

THE DEFENDANT:  No, ma'am.

THE COURT:  Okay. That's your own decision?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And you read and write English, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay. So were you in the courtroom when we went over the jury trial with what it means to have a jury trial, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT:  Okay.  Um, so there's initials along the side of this form.  Whose initials are those, please?

THE DEFENDANT:  Mine.

THE COURT:  Those are yours? And then there's a signature at the bottom of the -- above the "Defendant" line. Whose is that, sir?

THE DEFENDANT:  Mine.

THE COURT:  Okay.  So I know, um, that we took a break so that you could review this form and talk to your attorney.  Do you have any questions about this form after the break?

THE DEFENDANT:  No, ma'am.

THE COURT:  Any questions for the Court about what it means to waive your right to a jury trial, sir?

THE DEFENDANT:  No, ma'am.

THE COURT:  Okay. So the Court will find that defendant knowingly, intelligently and voluntarily waives his right to a trial by jury.

. . . .

THE COURT: I'll return this to you, sir, so that you can acknowledge in open court that you signed it and that you understood, uh, what you're signing.

The first page of Bida's signed Waiver Form states, in relevant part:

> My name is <u>Patrick E. Bida</u>[6/] and I am <u>38</u> years of age.
>
> 1) <u>PB</u> I hereby waive my right to trial by jury in this matter.
>
> 2) <u>PB</u> I understand that by waiving my right to a jury trial, I will be giving up the following rights:
>
>> <u>PB</u> a. My right to have 12 people chosen from the community to sit as jurors in my case;

---

6/     Underlined portions indicate items that appear handwritten.

<u>PB</u> b. My right to require that the State convince each juror individually of my guilty [sic] beyond a reasonable doubt;

<u>PB</u> c. My right to participate in the selection of the jurors;

<u>PB</u> d. My right that to convict me of the charge, the jury must unanimously find me guilty. (each and every juror must be convinced of my guilt beyond a reasonable doubt)

3) <u>PB</u> I am aware that by waiving my right to a jury trial, my case will be heard and decided by a Judge.

4) <u>PB</u> With full knowledge and understanding of the foregoing, I hereby waive my right to a jury trial in this matter.

The second page of the Waiver Form contains, *inter alia*, an "ACKNOWLEDGMENT OF DEFENDANT" section that states: "I acknowledge that Judge Hiatt questioned me personally in open court to make sure that I knew what I was doing in waiving (giving up) my right to a jury trial, and that I understood this form before I signed it." Below the acknowledgment is a "FINDING BY COURT" section that states: "The Court finds the above Defendant has knowingly, intelligently and voluntarily waived his/her right to a trial by jury with full understanding of consequences and the nature herein." The District Court and Bida both signed the form.

Bida contends that the District Court erred by failing to conduct a colloquy to ensure he understood "all of the aspects of the right to a jury trial," and by instead asking him whether he was present "when we went over the jury trial with what it means to have a jury trial[.]" The record on appeal does not include any transcript of the District Court's prior advisement.

Bida does not explain what he means by "all of the aspects of the right to a jury trial." However, the Waiver Form that Bida signed and initialed listed all four <u>Duarte-Higareda</u> factors, and the supreme court has rejected the argument that such a colloquy is required in every case. <u>See</u> <u>Torres</u>, 144 Hawaiʻi at 288, 288 n.9, 439 P.3d at 240, 240 n.9. Therefore, we must decide whether the Waiver Form, together with the in-court colloquy, demonstrated that Bida knowingly, voluntarily, and intelligently waived his right to a jury trial. <u>See</u> <u>Gomez-Lobato</u>, 130 Hawaiʻi at 469, 312 P.3d at 901 (stating that

6

although HRPP Rule 23(a) indicates the waiver may be given by written or oral consent, the court remains obligated "to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given").

During the in-court colloquy, Bida confirmed that he signed the Waiver Form and reads and writes English, and he responded, "No, ma'am," when the District Court asked whether he had questions about the Waiver Form or "what it means to waive [his] right to a jury trial." But the record contains little information about Bida's education, employment background, or experience with the criminal justice system that might establish he understood his right to a jury trial, and the District Court did not ask him any questions on these topics. See id. at 469, 312 P.3d at 901; Ernes, 2020 WL 3263690, at *9. Moreover, the District Court did not, for example, ask Bida whether he reviewed the Waiver Form, ask whether he understood the contents of the form, explain any rights involved in a jury trial that he would be waiving, and did not ask if he understood that, by signing the form, he was giving up his right to a jury trial. Neither did the District Court confirm that Bida discussed the form with his attorney.[7] Absent such questions, under the facts and circumstances of this case, the District Court's in-court colloquy did not establish that Bida's waiver was knowing and intelligent.[8] On this record, based on the totality of the facts and circumstances, we cannot conclude that Bida's waiver of his right to a jury trial was knowing and intelligent.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, South Kohala Division, on February 21, 2019, is vacated, and the case is remanded to the District Court for

---

[7] To the contrary, the District Court had previously directed Bida to review the Waiver Form "by yourself" and that if he had any questions, to ask his attorney.

[8] We do not suggest that such questions are required or sufficient to ensure a knowing or intelligent waiver in every case. As the supreme court has stated, a review of a waiver of jury trial is based on "the totality of the facts and circumstances of the particular case[.]" Friedman, 93 Hawaiʻi at 69, 996 P.2d at 274.

further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, June 29, 2020.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
Count of Hawai'i,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge