**Electronically Filed
Supreme Court
SCWC-14-0000844
17-SEP-2020
07:50 AM**

SCWC-14-0000844

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

KAPAHUKULA KALE VOORHEES,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000844; CASE NO. 3DTA-13-01793)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ., and
Circuit Judge Kawamura, assigned by reason of vacancy)

## I.    INTRODUCTION

The State of Hawai'i (State) charged Kapahukula Voorhees (Voorhees) with, inter alia, Resisting Arrest. Voorhees signed a waiver form purporting to waive his right to a jury trial on that charge. Following a brief colloquy, the District Court of the Third Circuit[1] (district court) accepted

---

[1]    The Honorable Joseph P. Florendo, Jr., presided.

Voorhees's waiver and after a bench trial, found him guilty of that charge and several others.  On appeal to the Intermediate Court of Appeals (ICA), Voorhees contended that the waiver of his right to a jury trial was not knowing, intelligent, and voluntary.  The ICA rejected that claim.  However, we hold that under this court's recent decision in State v. Ernes, 147 Hawai'i 316, 465 P.3d 763 (2020), Voorhees is entitled to relief.  Accordingly, we vacate his convictions.

## II.  BACKGROUND

The State charged Voorhees with six offenses:  (1) Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2019); (2) Driving without a License, in violation of HRS § 286-102(b) (Supp. 2018); (3) Conditions of Operation and Registration of Motor Vehicles, in violation of HRS § 431:10C-104(a) (2005); (4) Resisting Arrest, in violation of HRS § 710-1026(1) (2014); (5) Refusal to Submit to a Breath, Blood, or Urine Test, in violation of HRS §§ 291E-11 (2007), 291E-15 (Supp. 2016), and 291E-68 (Supp. 2016); and (6) Obedience to Police Officers, in violation of HRS § 291C-23 (2007).[2]  Voorhees pled not guilty and his attorney informed the

---

[2]    Under HRS § 806-60 (2014), Voorhees was only entitled to a jury trial on the Resisting Arrest charge because it is a misdemeanor that carries up to one-year imprisonment.  See HRS § 710-1026 (2014); HRS § 706-663 (Supp. 2016).

district court that Voorhees had completed a jury trial waiver form for his Resisting Arrest charge.  The district court then conducted the following colloquy with Voorhees:

> Court:     Mr. Voorhees, have you talked to your attorney about your right to a jury trial?
>
> Voorhees:  Yes.
>
> Court:     Do you understand what a jury trial is?
>
> Voorhees:  Yes.
>
> Court:     Do you wish to give up your right to a jury trial?
>
> Voorhees:  Yes.
>
> Court:     Did you read and understand this written waiver form?
>
> Voorhees:  Yes, I did.
>
> Court:     Are these your initials in paragraphs 2 through 6?
>
> Voorhees:  Yes, they are.
>
> Court:     Is this your signature on the back?
>
> Voorhees:  Yes.
>
> Court:     If you give up your right to a jury, the trial will be held in this court without a jury.  Do you understand?
>
> Voorhees:  Yes.
>
> Court:     Ms. Gibson, do you certify that your client's waiver is made knowingly and voluntarily?
>
> Counsel:   I so certify.
>
> Court:     I'll accept this waiver and order defendant to return November 4th at 2 o'clock for a pretrial conference.

On his jury trial waiver form, filed September 30, 2013, Voorhees signed his initials to confirm his understanding that a jury is composed of twelve people — whom he would

3

participate in selecting — who will decide whether he is guilty or not guilty, and will have to unanimously agree for there to be a conviction.  Additionally, Voorhees initialed the document to indicate his understanding that giving up his right to a jury trial means that a judge alone will determine if he is guilty; Voorhees initialed to confirm that this is what he wanted.  On the form, Voorhees's attorney also completed a certificate of counsel, certifying that she read and fully explained the waiver information to Voorhees and believed that he understood the entire document.

Following a bench trial, the district court found Voorhees not guilty of count 6, failing to obey police officers, but guilty of (1) OVUII, (2) Driving without a License, (3) Conditions of Operation and Registration of Motor Vehicles, (4) Resisting Arrest, and (5) Refusal to Submit to a Breath, Blood, or Urine Test.[3]  Voorhees appealed.

Before the ICA, Voorhees argued, inter alia, that the district court erred by failing to conduct a proper colloquy to determine whether Voorhees's jury trial waiver was knowing, intelligent, and voluntary.  In its memorandum opinion, the ICA

_____

[3]     The ICA properly vacated Voorhees's conviction as to count five because "the State concede[d] that after Voorhees was arrested, Officer Pa did not inform him of the sanctions under HRS §§ 291E-41 or 291E-65."

4

concluded that Voorhees's jury trial waiver was valid.  Voorhees filed a timely application for certiorari.

### III.  STANDARD OF REVIEW

> The validity of a criminal defendant's waiver of [the] right to a jury trial presents a question of state and federal constitutional law. . . .  We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard.

Ernes, 147 Hawai'i at 320, 465 P.3d at 767 (brackets in original) (quoting State v. Gomez-Lobato, 130 Hawai'i 465, 468-69, 312 P.3d 897, 900-01 (2013)).

### IV.  DISCUSSION

In Ernes, this court held that courts have a "serious and weighty responsibility" to "ensur[e] that [a defendant's] jury trial waiver was voluntary, knowing, and intelligent," and that therefore "the record must reflect a colloquy establishing a true understanding based on a totality of circumstances of the particular case."  Ernes, 147 Hawai'i at 323, 326, 465 P.3d at 770, 773.  In other words, the court must conduct a "true colloquy" — a "discussion and exchange between the trial court and the defendant sufficient for an ascertainment based on the record that the defendant fully comprehended the constitutional rights being waived."  Id. at 324, 465 P.3d at 771 (emphasis added).  Further, in order to make certain that the nature and content of the colloquy is sufficient, the trial court must

5

conduct an initial inquiry into the defendant's background that would enable it to "tailor its colloquy . . . to ensure that the court adequately conveys the risks and disadvantages" of waiving his right to a jury trial.  Id. at 325, 465 P.3d at 772 (quoting State v. Phua, 135 Hawai'i 504, 513, 353 P.3d 1046, 1055 (2015)) (emphasis omitted).  After this inquiry, the trial court must consider any "salient facts," such as a language barrier.  Id. at 323-24, 465 P.3d at 770-71.

Under Ernes, it cannot be said that Voorhees's jury trial waiver was established as knowing, intelligent, and voluntary.  While neither the record nor Voorhees points to any "salient facts," the district court did not conduct any inquiry into Voorhees's background.  And while a colloquy consisting of yes or no questions might be appropriate in the absence of any "salient facts," the district court's yes or no questions here centered around confirming Voorhees's signature and initials on the waiver form — not his understanding of the constitutional right to a jury trial.  Id. at 326, 465 P.3d at 773.  Further, based on the totality of the circumstances here, even if it may not have been necessary for the colloquy to cover every Duarte-Higareda[4] factor in depth, none of them were even addressed.

---

[4]    In United States v. Duarte-Higareda, 113 F.3d 1000, 1002 (9th Cir. 1997), the Ninth Circuit held, "The district court should inform the defendant that (1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be
                                                          (continued...)

Gomez-Lobato, 130 Hawai'i at 470, 312 P.3d at 902; cf. State v. Friedman, 93 Hawai'i 63, 70, 996 P.2d 268, 275 (2000) (holding colloquy sufficient where, in the absence of any salient facts, the trial court's colloquy addressed several of the Duarte-Higareda factors).  Similarly, although the record indicates that Voorhees was represented by counsel and that his attorney explained the jury trial waiver form to him, this is not enough to outweigh the lack of "discussion and exchange" establishing Voorhees's actual understanding of a jury trial.  Ernes, 147 Hawai'i at 326, 465 P.3d at 773; see Gomez-Lobato, 130 Hawai'i at 471-72, 312 P.3d at 903-04.  The court only asked Voorhees, "Do you understand what a jury trial is?"  Thus, from this limited inquiry, it is not possible to glean whether Voorhees truly understood the meaning, nature, and impact of a jury trial waiver.

**V.   CONCLUSION**

Because we conclude the record does not reflect a discussion and exchange sufficient to satisfy the district court's "serious and weighty responsibility" of ensuring a jury trial waiver's validity, Voorhees's waiver was not properly verified as knowing, intelligent, and voluntary under Ernes.

---

unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial."  This court has previously rejected a "bright line rule" that "the Duarte-Higareda colloquy is constitutionally required in every case."  State v. Friedman, 93 Hawai'i 63, 69, 996 P.2d 268, 274 (2000).

Accordingly, we vacate the ICA's April 15, 2019 judgment on appeal and the district court's judgment and notice of entry of judgment entered on April 22, 2014.  See State v. Domut, 146 Hawai'i 183, 194–95, 457 P.3d 822, 833–34 (2020).  We remand this case to the district court for further proceedings.

DATED:  Honolulu, Hawai'i, September 17, 2020.

| | |
|---|---|
| Susan L. Arnett<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen L. Frye<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ Shirley M. Kawamura |

