**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000483
29-JUL-2025
06:21 AM
Dkt. 71 SO**

NO. CAAP-24-0000483

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DENVER BREWER, also known as DENVER BUCHANAN,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-23-0000797)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Denver **Brewer**, also known as Denver Buchanan, appeals from the *Judgment of Conviction and Sentence* entered by the Circuit Court of the First Circuit.[1]  We affirm.

Brewer was charged by felony information with Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(a) and/or (d).  He pleaded not guilty.  He waived his right to a jury trial.  The Circuit Court found him guilty as charged.[2]  He was sentenced to five years in prison.  The Judgment of Conviction and Sentence was entered on June 25, 2024.  This appeal followed.

Brewer states four points of error: (1) the Tachibana colloquy was inadequate; (2) he did not voluntarily waive his

---

[1]  The Honorable Alvin K. Nishimura entered the judgment.

[2]  The Honorable James S. Kawashima presided over the trial.

right to a jury trial; (3) the evidence was insufficient to support a conviction for assault in the second degree; and (4) self-defense was not disproved beyond a reasonable doubt.

**(1)** Brewer challenges the sufficiency of the trial court's <u>Tachibana</u> colloquy. We review using the *right/wrong* standard. <u>State v. Martin</u>, 146 Hawaiʻi 365, 377, 463 P.3d 1022, 1034 (2020).

Brewer chose to not testify. The trial court had to engage him in an on-the-record colloquy to ensure his waiver of the right to testify in his own defense was knowing, intelligent, and voluntary. <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995). It "should elicit responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." <u>Martin</u>, 146 Hawaiʻi at 378–79, 463 P.3d at 1035–36.

Brewer argues the trial court erred by never asking him "if anyone was forcing him not to testify." We "look to the totality of the facts and circumstances to determine whether a waiver of the right to testify was voluntarily and intelligently made." <u>Martin</u>, 146 Hawaiʻi at 379, 463 P.3d at 1036.

The trial court asked Brewer, "do you wanna testify?"

Brewer answered, "No, Your Honor."

The court asked, "the important thing is do you feel that this is your decision?"

"Yes," said Brewer.

The court asked, "no one can force you to remain silent. If you wanna testify, you can do it even if your lawyer thinks you shouldn't. Do you understand?"

Brewer answered, "Ye -- yes."

The court asked, "you understand if you remain silent, no one can force you to testify either, right? No one can force you to say, no, I'm gonna say as the judge you have to come up here. No one can do that, right?"

"Right[,]" said Brewer.

2

Here, as in Martin, "although the circuit court did not the [sic] use precise terminology, 'Is anyone forcing you not to testify?' the circuit court's questioning was tantamount to eliciting that information." Id. at 380, 463 P.3d at 1037. Here, as in Martin, the Tachibana colloquy was adequate.

**(2)** Brewer contends he did not voluntarily waive his right to a jury trial. We review "the totality of the circumstances surrounding the case," using the *right/wrong* standard. State v. Gomez-Lobato, 130 Hawai'i 465, 469-70, 312 P.3d 897, 901-02 (2013). "Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." Id. at 469, 312 P.3d at 901 (cleaned up).

Brewer signed a written *Waiver of Trial by Jury* on March 5, 2024. Although not always required, trial courts are advised to conduct a Duarte-Higareda colloquy to determine whether the defendant's waiver of the right to a jury trial was voluntary, knowing, and intelligent. Gomez-Lobato, 130 Hawai'i at 470, 312 P.3d at 902 (referencing United States v. Duarte-Higareda, 113 F.3d 1000, 1002 (9th Cir. 1997)). In a Duarte-Higareda colloquy, the trial court informs the defendant that "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." Id. at 470 n.6, 312 P.3d at 902 n.6.

The Waiver of Trial by Jury that Brewer signed addressed the Duarte-Higareda components. The trial court also engaged Brewer in an extensive colloquy on each Duarte-Higareda component. Brewer argues his waiver "was not knowing or intelligent because the Court did not inform him of his right to peremptory challenges as set forth in HRS § 635-30 and HRPP Rule 24(b)[.]" The Waiver of Trial by Jury that Brewer signed told him:

3

> 5.    I have the right to consult with and assist my attorney in selecting the twelve jurors and making requests to excuse one or more jurors for cause or otherwise.

On the record before us, we hold that the trial court was right to conclude that Brewer knowingly, voluntarily, and intelligently waived his right to a jury trial.

**(3)**  Brewer contends the evidence was insufficient to support a conviction for Assault in the Second Degree. "[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury." State v. Sheffield, 146 Hawaiʻi 49, 53, 456 P.3d 122, 126 (2020).

On the date of Brewer's offense the elements of Assault in the Second Degree were:

> (1)   A person commits the offense of assault in the second degree if the person:
>
>> (a)   Intentionally, knowingly, or recklessly causes substantial bodily injury to another; [or]
>>
>> . . . .
>>
>> (d)   Intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

HRS § 707-711 (Supp. 2022).

The trial court described the trial evidence in great detail when it announced its decision.  That evidence included a security video of the incident, photographs of the complaining witness's injuries, and testimony by the complaining witness that the trial court found credible.  On this record, we conclude the evidence was sufficient to support the conviction for Assault in the Second Degree.

**(4)**  Brewer contends the State did not disprove self-defense beyond a reasonable doubt.  The trial evidence, including the security video and the complaining witness's testimony,

4

considered in the strongest light for the prosecution, was sufficient to support the trial court's conclusion "that self-defense has been disproven beyond a reasonable doubt[.]"

The Judgment of Conviction and Sentence entered by the Circuit Court on June 25, 2024, is affirmed.

DATED: Honolulu, Hawaiʻi, July 29, 2025.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge